31  289
132  427

# Danner *et al.* *versus* Shissler.

Where one acquires an estate by devise or descent from his father, and dies seised of it, and his next of kin, on his father's side, are uncles and aunts, they inherit, under the intestate law of 1833, without distinction of blood.

It is different where brothers and sisters inherit from each other; for in such case, those of the whole blood are preferred.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of debt, brought by the Commonwealth of Pennsylvania, for the use of Lydia Shissler, against Michael Danner, Jacob L. Erb, and Jacob S. Shirk, on a recognisance entered in the Orphans' Court of Lancaster county, conditioned for the payment of the sum of $5250 to the heirs of Grebill W. Danner, deceased; being the valuation of certain real estate of the said decedent, taken by Michael Danner under proceedings in partition.

Adam Danner, the elder, died seised of a tract of 42 acres in West Earl township, leaving one child by his first wife, Lydia Shissler, the plaintiff; and by a second marriage the following children : Adam Danner (since deceased), Michael Danner, one of the defendants, Polly Retz, Catharine Eby, and Elizabeth Busser, since deceased, leaving issue.

By his will, proved on the 6th March 1820, the said Adam Danner, the elder, devised the premises to his wife for life, or during widowhood; and after her decease or marriage, he directed his executors to have the same appraised, and gave to his two sons, Adam (since deceased) and Michael Danner, the right to take the same at the appraisement.

After the decease of the widow, the premises were appraised, and accepted by Adam and Michael at the appraisement. Michael Danner subsequently conveyed his undivided moiety of the same to his brother Adam.

Adam Danner, the younger, died seised of the premises, and by his will, proved on the 23d January 1847, devised the same to his only child, Grebill W. Danner.

Grebill W. Danner died seised thereof, intestate, unmarried, and without issue, father or mother, brother or sister, but leaving as his next of kin, his uncle, Michael Danner, two aunts, and the children of a deceased aunt (his father's brother and sisters of the whole blood); and Lydia Shissler, an aunt, who was his father's sister of the half blood.

On the 1st December 1856, the premises in question, under proceedings in partition, were appraised at $5250, and awarded by the Orphans' Court to Michael Danner, at the appraisement; who

[Danner *et al. v.* Shissler.]

thereupon entered into the recognisance on which suit was brought.

These facts were embodied in a case stated, wherein it was agreed, that, if the court should be of opinion, that Lydia Shissler was entitled to a share of the real estate of Grebill W. Danner, deceased, then judgment to be entered in her favour for so much as, in the opinion of the court, she was entitled to; otherwise judgment in favour of the defendants.

The court below (LONG, P. J.) gave judgment for the plaintiff for one-fifth of the amount of the recognisance, and delivered the following opinion :—

" The questions involved in the consideration of the case now before us, arise under the laws regulating the descent of the estates of intestates in this Commonwealth, and on a proper interpretation of those laws will depend the proper disposition of the case ; whether the rules established by our laws for the division of estates of intestates, are in sympathy with our feelings, and made to carry out the dictates of our nature, or are merely arbitrary in their character, are matters of speculation which we are not required to investigate ; in the decision of the case, *ita lex scripta* is the maxim which must govern ; the establishment of the canons of descent being a prerogative of sovereignty resting in government ; and whatever rules our legislature have adopted for the distribution of intestates' estates, under the circumstances mentioned in the case stated, must prevail.

" Grebill W. Danner died intestate, possessed of certain real estate which he derived by will from his father, Adam Danner, deceased. The intestate died without leaving mother, brothers, or sisters, or lineal descendants, but leaving as his next of kin an uncle and two aunts, and the children of a deceased aunt, and also Lydia Shissler (for whose use this suit is brought), an aunt, being a sister of the half blood of his father. It is contended, on behalf of the defendants, that under these circumstances, she not being of the whole blood of the *perquisitor*, therefore she cannot participate in the money arising from the real estate of the intestate ; this action being founded on the recognisance which was entered into by Michael Danner and his sureties, when he accepted of the property at the appraisement, in the Orphans' Court of this county. It is true, that the Act of the 8th of April 1833, *P. L.* 316, provides, that when an intestate dies, leaving brothers and sisters, or nephews and nieces, children of a deceased brother or sister of the whole blood, they shall be preferred to the half blood ; but the case now before us is not embraced, in our opinion, by this provision, but falls under the provision of the law, which prescribes that, in default of persons mentioned by the said act, the real and personal estate of the intestate shall descend to and amongst the next of kin to such intestate, and that no person who is not of the

[Danner *et al. v.* Shissler.]

blood of the ancestor or other relative or person from whom such real estate descended, or by whom it was given or devised to the intestate, shall take any estate of inheritance therein, but such real estate shall pass to and vest in such other person, as would be entitled by said act, if the person not of the blood of such ancestor or other relation had never existed, or was dead at the decease of the intestate.   Here, the person for whose use this suit is brought, answers the description required by law, she is of the next of kin of the deceased, and also of the blood of the person from whom the estate descended.   The law does not require her to be of the whole blood, if she has any portion of his blood, it is sufficient: Baker *v.* Chalfant, 5 *Wh.* 477; Hart's Appeal, 8 *B.* 32.   The plaintiff is therefore entitled to recover.   As to the other question, what proportion of the estate she is entitled to; that, since the Act of the 27th April 1855, *P. L.* 368, as adjudicated upon by the Supreme Court, is free of difficulty; the children of the deceased aunt being entitled to take by representation.

" Let judgment, therefore, be entered in favour of the plaintiff, for the one-fifth of the amount due by the defendants on the recognisance upon which this suit is brought."

This judgment was here assigned for error.

*Fordney* and *Amwake*, for the plaintiffs in error.

*Heister*, for the defendant in error, cited Baker *v.* Chalfant, 5 *Wh.* 477; Hart's Appeal, 8 *Barr* 32; Gardner *v.* Collins, 2 *Pet.* 87; *Toller on Executors* 91; Winchelsea *v.* Norcliffe, 1 *Vern.* 435–7; Smith *v.* Tracy, 1 *Vent.* 323–424; 2 *Yeates* 545.

PER CURIAM.—Where one acquires an estate by devise or descent from his father, and dies seised of it, and his next of kin on his father's side are uncles and aunts, our intestate law of 1833, §§ 7, 8, 9, makes no distinction between whole and half blood, among such uncles and aunts.   It is enough for inheritance, that they are " of the blood of the ancestor of the intestate."   It is different where brothers and sisters inherit from each other; for then the whole bloods are preferred: §§ 4, 6.

This cause was decided agreeably to this expression of the law, and several previous cases demonstrate that it was rightly decided: 5 *Whart.* 477.   If we should go back to the grandfather, from whom the estate came, 6 *W. & S.* 261, 8 *State R.* 37, to trace the inheritable blood (which the act does not seem to contemplate), the case becomes still more plain; for, counting from him, all the claimants are " of the whole blood."

Judgment affirmed.