## Cote's Appeal.

1. A testator devised real estate to his wife for life, and after her death to his five children in fee; one of them, a son, married after the death of the testator and died intestate, leaving a widow, but no children. The widow of the testator afterwards died. *Held*, that, under the Act of April 8th 1833, the widow of the son had an interest in the real estate, and under the Act of March 29th 1832, had a right to partition.

2. The son having a vested remainder, after the death of the widow of the testator, it was subject to all the incidents which the statutes have stamped on real estate, as fully as if it had vested in possession in the son before his death.

3. Shoemaker *v.* Walker, 2 S. & R. 554, distinguished.

October 5th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Allegheny county:* Of October and November Term 1874, No. 212.

On the 10th of June 1871, Marcelin Cote and Mary Cote, his wife, in her right, presented a petition to the Orphans' Court, setting forth that the said Mary had been the widow of Seth Clarke Tiernan, who died intestate and without issue about the 28th day of October 1852. That at the time of his death he owned, under the will of his father, Michael Tiernan, deceased, subject to the life estate of Elizabeth Tiernan, the widow of the testator, the one undivided fifth part of a messuage and lot of ground in the city of Allegheny; that John M. Tiernan, Margaret Jones, Michael Tiernan and Francis Tiernan, other children of the testator, were the only other persons owning interests in the said property above mentioned; that the widow of the testator died in March 1870.

The prayer of the petition was that the court would award an inquest to value the share or interest of the said Mary Cote in the the above-described property, to the end that the same might be set apart to her.

A citation was awarded to John M. Tiernan, Margaret Jones and her husband, Morris Jones, Michael Tiernan and Francis Tiernan, to show cause why the prayer of the petition should not be granted, returnable July 8th 1871.

[Cote's Appeal.]

John M. Tiernan, for himself, sister and brothers, answered: that Michael Tiernan died on April 10th 1845, after having made his will, dated March 1st 1845, by which he devised as follows:—

1. "I give to my dearly beloved wife, Elizabeth Tiernan, all my household furniture, &c.; also, the house and lot in the city of Allegheny, with the appertenances, where I now live, during the term of her natural life.

5. "I direct that all the balance of my estate, of whatever kind, or wheresoever situated, may, and shall be, equally divided between my five children—Margaret Jones, Seth Clarke Tiernan, John Tiernan, Michael Tiernan, and Francis Tiernan, their heirs and assigns, for ever.

"And at the death of my wife, Elizabeth Tiernan, I also direct that the house and lot in the city of Allegheny, in which I now live, shall be equally divided between my five children above named."

He appointed Morris Jones and his son, Seth Clarke Tiernan, executors of his will, granting them power, &c., to sell, in fee simple, or otherwise, his real and personal estate, &c. The real estate of which the said Mary Cote desires partition, is the above mentioned property in which said Michael Tiernan lived. Seth Clarke Tiernan was married to the said Mary Cote in 1852, and died on the 28th day of October 1852. His widow, said Mary, married said Marcelin Cote many years before the death of said Elizabeth Tiernan.

Elizabeth Tiernan was seised of the freehold of said property for her life, and occupied it until her death, which took place on the 19th day of March 1870, being many years after the death of said Seth Clarke Tiernan, and a number of years after the marriage of said Mary Cote (widow of said Seth Clarke Tiernan) to said Marcelin Cote.

"Thus it will be seen that the said Seth Clarke Tiernan never was seised of the freehold, nor of the inheritance, and that he died long previously to the time when he could have been so seised, and that, therefore, the said Mary Cote can have no claim for dower in said property."

January 13th 1872 the court dismissed the petition. This was assigned for error on appeal by the petitioners to the Supreme Court.

*R. Woods* (with whom were *W. F. Austin* and *S. Woods*), for appellants.—The Act of April 8th 1833, sect. 1, Pamph. L. 316, 1 Br. Purd. 806, pl. 4, provides that: "Where intestate shall leave a widow and collateral heirs or other kindred, but no issue, the widow shall be entitled to one-half part of the real estate—for the term of her life, and one-half part of the personal estate absolutely." The law, that casts any of the estate of S. C. Tiernan

on his collateral heirs, without a proviso or distinction, gives his widow her interest. The interest of Mrs. Cote, if any she have, would be considered realty : Miller *v.* Leidig, 3 W. & S, 456, and not dower : Bradford *v.* Kents, 7 Wright 476.

*D. W. Bell,* for appellees.
The reporter did not receive the paper-book of appellees.

Mr. Justice WOODWARD delivered the opinion of the court, October 25th 1875.

The will of Michael Tiernan vested the title to his house and lot in the city of Allegheny in his five children, subject to the life estate devised to his widow, Elizabeth Tiernan. Seth Clarke Tiernan was one of these children, and when he died his interest in remainder in this house and lot was part of his estate, for the descent of which provision had been made by the Act of the 8th of April 1833. It is unnecessary to inquire whether, while the tenant for life survived, he could have maintained an application for partition in his lifetime, or whether his representatives could have done so after his death. The life-estate was determined by the death of Mrs. Tiernan, in March 1870. The only question presented is, whether his widow has such an interest as to entitle her to demand a partition of the property.

The rule of the common law is distinct, that a wife is not entitled to dower in land of which her husband was not seised in possession during coverture. A freehold estate outstanding in another, even if created by himself, if before coverture, is fatal to her claim. The present controversy, however, arises upon our own statutes. The Intestate Act of 1833 prescribes the mode by which " the real and personal estate of a decedent, whether male or female,. remaining after the payment of all just debts and legal charges, which shall not have been disposed of by will, or otherwise limited by marriage settlement, shall be divided and enjoyed." By the second clause of the first section of the act it is directed that " where such intestate shall leave a widow and collateral heirs, or other kindred, and no issue, the widow shall be entitled to one-half part of the real estate, including the mansion-house and buildings appertenant thereto, for the term of her life, and to one-half of the personal estate absolutely." No case has been found to settle authoritatively the rights of a widow in her deceased husband's estate in remainder under this provision, or under the Acts of 1794 and 1797. The point was presented in Shoemaker *v.* Walker, 2 S. & R. 554. The peculiarity there was, that the decedent had aliened in his lifetime the estate with which he was vested in remainder, and the decision that the widow was not entitled to dower was apparently on that ground. But the Act of 1833 was passed to establish a uniform rule for the division and enjoyment

[Cote's Appeal.]

of the entire real and personal property belonging to a decedent at the time of his death.    It cannot be doubted that such interest as he had in this house and lot formed part of Seth Clarke Tiernan's. estate.    And if so, the act protects the right of the widow as certainly as it establishes the title under which the collateral heirs must claim the fee.    The decedent dying without issue, the property passed to the widow, now Mrs. Mary Cote, one of the appellants, and the next of kin.

The 36th section of the Act of the 29th of March 1832, gives jurisdiction in partition to the Orphans' Court on the application of the widow or any lineal descendant of a decedent.    And by the 46th section of the same act, the same proceedings in every respect may be had on the part of the collateral heirs, when there is no issue, that are authorized on bahalf of lineal descendants.

In either case, the right of the widow to take part in the proceedings is preserved.    The title of Seth Clarke Tiernan was a vested remainder.    It has become vested in possession, and is subject to all the incidents which statutory enactments have stamped on real estate transmitted by inheritance, as fully as if possession had vested in the decedent before he died.    The interest of the widow is defined by the Intestate Act of 1833.    Her right to a partition is derived from the express provisions of the Act of 1832. The petition of her present husband and herself for an inquest upon the real estate of her former husband, was improvidently dismissed.

> Decree reversed at the cost. of the appellees, and *procedendo* awarded.