## VIRGINIA R. LYNCH v. ANTHONY LYNCH ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued January 8, 1890—Decided February 24, 1890.

(*a*) A testator acquired by purchase certain real estate and died seised
thereof in 1871, leaving to survive him a widow and one child, a son.
The latter died intestate and without issue in 1885, leaving a widow,
the plaintiff in a bill for the partition of said real estate, the testator's
widow having died in 1886.

(*b*) By his will, executed within thirty days before his death, the testator
had devised said real estate to his wife for life, then to his son for life,
remainder to the issue of his son, if any, living at the death of his
wife; and, in default of such issue, then to a trustee in trust for char-
itable uses:

1. The ultimate limitation to the trustee for charitable uses being void
under § 11, act of April 26, 1855, P. L. 332, the real estate passed under
the intestate law to the testator's son, in fee, subject to the life estate of
his mother, but determinable by the birth of issue living at her death.

2. Never having had issue, the contingent limitation over to them did not
become operative; and, on his death, the remainder passed under the
intestate law to his next of kin, subject, however to the statutory dower
therein of his widow who survived him.

3. Section 8, act of April 8, 1833, P. L. 316, makes no distinction between
collaterals of the whole or of the half blood, and the son's next of kin
being his uncles and aunts who were of the whole and half blood of his
father, they inherit from him in equal shares: Danner v. Shissler, 31
Pa. 289; Parr v. Bankhart, 22 Pa. 291.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 293 January Term 1889, Sup. Ct.; court below, No. 52
December Term 1887, C. P. No. 4, in Equity.

On December 9, 1887, Virginia Reed Lynch filed a bill in
equity against Anthony Lynch, James McElwee and Ann, his

wife, John Kilday, Daniel Kilday, William Boyle, John Boyle, Catharine Boyle and Mary Boyle, averring, in substance, as follows:

That Patrick Lynch died on November 3, 1871, having made his last will and testament, dated October 9, 1871, duly admitted to probate, with certain provisions, to wit:

" Item. After the death of my wife Mary Lynch, I give and bequeath to my son Daniel Joseph Lynch all the income which may be derived from my real estate, to be received and enjoyed by him during the term of his natural life. If my said son should chance to die before my wife, leaving issue to survive her, then after her death I give and bequeath to such issue and to the heirs of such issue forever, my real estate aforesaid. . . . . . If my son should survive my wife and afterwards die leaving issue, then after his death I give and bequeath to such issue and to the heirs of such issue forever the same real estate as aforesaid.

" Item. If my son Daniel Joseph should either before or after the decease of my wife die without issue living at his death, I give and bequeath my real estate aforesaid to the Right Rev. Bishop Wood, to be appropriated to such charitable purposes in connection with the institutions of the Catholic Church as shall seem to him meet and proper."

It was further averred that said testator died seised in his demesne as of fee of certain described real estate in Philadelphia which he had acquired by purchase; that he left to survive him a widow, Mary Lynch, and issue one child, Daniel J. Lynch; that on June 27, 1875, said Daniel J. Lynch intermarried with Virginia Reed and died intestate, on September 5, 1875, leaving to survive him his widow, Virginia Reed Lynch, the plaintiff, but no issue; that Mary Lynch, widow of Patrick Lynch, died on August 4, 1886; that the will of said Patrick Lynch not having been executed one calendar month before his death, the ultimate limitation therein made to the Right Rev. Bishop Wood for charitable purposes was void; that the contingent remainder in fee to the issue of Daniel J. Lynch surviving at the death of Mary Lynch having been destroyed by the death of Daniel J. without issue, during his mother's lifetime, the said Patrick Lynch died intestate as to all his real estate, subject to the life interest of his widow therein, whereby the same

descended to and vested in said Daniel J. Lynch under the intestate laws; that under said laws the plaintiff was entitled as the widow of said Daniel J. Lynch to one half part of said real estate, and to the rents, etc., thereof, from August 4, 1886, for the term of her life; that (par. 10), subject to the interest of the plaintiff therein, the said real estate descended under said intestate laws to the next of kin of the said Daniel J. Lynch, who were as follows:

To Anthony Lynch, brother of decedent's father, Daniel Kilday, John Kilday and Ann McElwee, half-brothers and half-sister of decedent's father, each one fifth; to William Boyle, John Boyle, Catharine Boyle and Mary Boyle, children of Mary Boyle, a deceased half-sister of decedent's father, each one twentieth.

It was further averred that on September 27, 1886, Anthony Lynch conveyed his interest in No. 1615 Melloy street to James McElwee and Ann, his wife, in fee; and that since the death of said Mary Lynch, one or more of the defendants had collected the rents of the real estate described in the bill. So averring, the plaintiff prayed, inter alia, for an account of mesne profits and for a partition.

The defendants having answered admitting the matters of fact averred in the bill, but denying that the plaintiff had any interest in the property in question, and averring that it descended to the heirs of Patrick Lynch, instead of to the heirs of Daniel J. Lynch, the cause was set down for hearing on bill and answer, when the court, ARNOLD, J., on June 23, 1888, entered a decree as follows:

1. That Virginia Reed Lynch is entitled to one half part of the real estate described in exhibit B to the bill of complaint, from the fourth day of August, 1886, for the term of her life, and to the rents, profits, possession, use, usufruct and enjoyment of such half part.

2. That, subject to the interest of the said Virginia Reed Lynch therein, the title of said real estate was on the fourth day of August, 1886, and since has been and now is in the persons named in paragraph 10 of the bill of complaint, for the estates and in the shares and proportions therein set forth.

3. That Anthony Lynch, James McElwee and Ann McElwee having, as appears by their answer filed, collected all the rents

Statement of Facts.

of the real estate aforesaid, or had the use thereof from the fourth day of August, 1886, they are hereby ordered to account for the same to the parties entitled thereto.

4. That the real estate aforesaid be parted and divided among the several persons entitled thereto according to law and the practice in chancery.

5. This cause is referred to Joseph Savidge, Esq., as master and commissioner: (1) To state an account of the mesne profits arising and accruing from the real estate aforesaid from the fourth day of August, 1886, and to submit a decree in conformity with his findings. (2) To divide and partition the said premises described in exhibit B to the bill of complaint filed herein, into purparts; and to value the same, and do such further acts and things as are prescribed as the duties of a master and commissioner in such case by the laws of this common-wealth.

On December 1, 1888, Mr. Savidge, as master and commissioner, made his report, finding the facts to be as stated in the bill, that division of the real estate could not be made to and among the parties entitled, without prejudice, etc., and recommending that a decree be made authorizing and directing him to expose the premises to sale, etc. To said report the defendants excepted that the master and commissioner erred:

1. In finding that the real estate to be divided, descended on the fourth day of August, 1886, to the next of kin of Daniel J. Lynch, subject to the estate of the plaintiff, Virginia Reed Lynch, widow of Daniel J. Lynch, deceased, in one half part of said real estate, for the term of her life.

2. In recommending that a decree be made authorizing and directing him to expose to public sale said real estate subject to the encumbrance thereon; and that a report of such sale be made to the court, and the proceeds thereof divided among the parties, next of kin of the said Daniel J. Lynch, according to their respective interests therein.

3. In not finding that the said real estate in question, descended to and vested in Anthony Lynch, brother of Patrick Lynch, on the fourth day of August, 1886.

These exceptions, being overruled by the master, were renewed before the court on the filing of the report, and, after argument, were dismissed, the court in banc, on December 29,

Opinion of the Court.

1888, entering a decree confirming the report and directing a sale of the real estate and the terms thereof. Thereupon, the defendants took this appeal, specifying for error the decree dismissing the exceptions filed to the report and directing the sale of the real estate, etc.

*Mr. Wendell P. Bowman*, for the appellants.

Counsel cited: Park on Dower, 72; 1 Washb. on Real Prop., § 8; 1 Scribner on Dower, 232, 246, 247, 248; McBride v. Smyth, 54 Pa. 245.

*Mr. H. Gordon McCouch*, for the appellee.

Counsel cited: (1) Act of April 26, 1855, § 11, P. L. 332. (2) Act of April 8, 1833, § 2, P. L. 316; 3 Lead. Cas. on R. P., 467; Bennett v. Morris, 5 R. 15; Chambers v. Wilson, 2 W. 495; Morton v. Funk, 6 Pa. 483; Brown's Est., 38 Pa. 289; Riehle's App., 54 Pa. 97; Buzby's App., 61 Pa. 111. (3) Cote's App., 79 Pa. 235; Scott on Intest. Law, (1887,) 509; Danner v. Shissler, 31 Pa. 289; Parr v. Bankhart, 22 Pa. 291; Krout's App., 60 Pa. 380; McCurdy v. Canning, 64 Pa. 39.

OPINION, MR. JUSTICE STERRETT:

We are not convinced that there is any error in the decree from which this appeal was taken.

It appears from the report of the learned master that Patrick Lynch acquired by purchase the real estate described in the bill, and died seised thereof in November, 1871, leaving to survive him a widow, Mary Lynch, and one child, Daniel J. Lynch. The latter died intestate in September, 1885, leaving a widow, Virginia Reed Lynch, the plaintiff below; and testator's widow died in August, 1886. By his last will and testament, Patrick Lynch devised the real estate in question to his wife for life, remainder to his son for life, remainder in fee to the issue of his son, if any, living at the time of the first life-tenant's decease, etc., and, in default of such issue living at that time, then to the Right Rev. Bishop Wood, for charitable uses. The testator's son never had any issue, and, of course, the devise to them never took effect. The ultimate limitation to Bishop Wood, for charitable uses, was absolutely void, because the will was executed less than thirty days before testator's death;

and, according to the provisions of the act of April 26, 1855, § 11, the ultimate remainder, which otherwise would have gone to Bishop Wood, in trust, etc., went "to the residuary legatee or devisee, next of kin, or heirs, according to law." There being no residuary legatee other than Bishop Wood, the remainder in question passed under the intestate law to Daniel J. Lynch, the testator's only son and heir at law. The effect of that was to give Daniel the remainder in fee, subject to the life-estate of his mother, but determinable by the birth of issue living at the time of her decease. He never had any issue; consequently, the contingent limitation over to them never became operative, and he died seised of the remainder in fee, subject only to the life-estate of his mother. That remainder passed, under the intestate law, to his next of kin, his paternal uncles and aunts, subject to the statutory interest therein of his widow, Virginia Reed Lynch, the appellee: Cote's App., 79 Pa. 235.

There is no question as to who his next of kin are. That has been settled by the finding of the master. Some of them are brothers and sisters of the half blood of intestate's father, Patrick Lynch, and one is a brother of the whole blood; but, inasmuch as § 8 of the act of April 8, 1833, makes no distinction between those of the whole and those of the half blood, they all inherit and take equally, all being of the blood of the first purchaser: Danner v. Shissler, 31 Pa. 289; Parr v. Bankhart, 22 Pa. 291. The four children of Mary Boyle, deceased, paternal aunt of the intestate, take by representation the share that their mother would be entitled to if living. The specifications of error are not sustained.

Decree affirmed, and appeal dismissed, at the costs of appellants.