ELIAS C. LARRABEE & others *vs.* JONATHAN TUCKER & others.

Essex.    Nov. 6, 1874. — Jan. 9, 1875.    AMES & DEVENS, JJ., absent.

Under the Gen. Sts. *c.* 91, § 5, kindred of the half blood in any degree inherit equally with those of the whole blood in the same degree in the distribution of personal property.

APPEAL from a decree of the Probate Court ordering a distribution of funds held in trust under the will of John Henfield. The case was heard upon agreed facts, which, so far as material, appear in the opinion of the court.

*C. Sewall*, for the appellants.

*W. Coggswell*, for the respondents.

COLT, J.    The question here presented arises upon an appeal from a decree of the Probate Court ordering a distribution of funds held in trust under the will of John Henfield.

That court had original jurisdiction of the matter in controversy, because by the Gen. Sts. *c.* 100, § 22, it is authorized, concurrently with this court, to hear and determine in equity all matters in relation to trusts created by will.

The testator, John Henfield, devised the residue of his estate in trust for the benefit of his son during life, and directed his trustee, upon the death of the son leaving no children or descendants of children, to divide the same " among the next of kin of my said son, to those persons to whom the property would go, provided my said son owned the property and he died without issue and intestate."

The question is whether, under this clause of the will, the children of the half sisters of the testator take equally with the children of his brothers and sisters of the whole blood, in the distribution to be made.

By the Gen. Sts. *c.* 91, § 5, it is provided that " kindred of the half blood shall inherit equally with those of the whole blood in the same degree." This provision is found among those statutory

rules which regulate the descent of real estate and which are adopted in the distribution of personal property, and constitutes a part of a section, which, in its first clause, declares that the degrees of kindred shall be computed according to the rules of the civil law. Its plain purpose is to admit the kindred of the half blood relation in different degrees to an equal participation in the distribution of intestate estates, thus changing the rule of the common law. The different degrees of kindred, and the mode of computing them in the whole and the half blood, is the subject of the section in question. It is impossible to give meaning to all its words if it be construed to mean that only one degree of the kindred of the half blood can inherit.

It follows that, as relations by the half blood of different degrees are entitled to take equally with those of the whole blood, the entry must be        *Decree of the Probate Court affirmed.*