## W. E. Watkins et al. v. E. A. Blount et al.

Decided June 14, 1906.

**Construction of Will—Deceased Devisee—Brothers and Sisters of Half Blood.**

A testator executed the following will: "I do hereby devise and bequeath, after the payment of my debts, to my dear brothers and sisters equally, share and share alike, all my estate, real and personal, whatsoever and wheresoever." Held, (1) that the heirs of brothers who died before the will was made take nothing under said will; (2) that the heirs of a sister who died before the testator take nothing, and (3) that the words "brothers" and "sisters" includes brothers and sisters of the half blood.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*E. B. Lewis,* for appellants.

*Blount & Garrison* and *Ingram, Middlebrook & Hodges,* for appellees.
—Cited: *In re* Wells, 113 New York, 396, 10 Am. St. Rep., 457.

GILL, CHIEF JUSTICE.—We adopt the following statement from appellants' brief: This suit was brought by plaintiffs against defendants E. A. Blount, Keith Lumber Company, Hayward Lumber Company and Mollie I. Noble, to partition between plaintiffs and defendants a tract of land of 640 acres patented to S. M. Noble and located in Nacogdoches County. Other defendants were made parties by cross bills filed by defendants on warranties of their vendors. The court rendered judgment against plaintiffs and for defendants.

S. M. Noble, being a single man and having never married, went into the Confederate army early in the spring of 1862. On the 28th of March, 1862, he made his will by which he disposed of his property as follows: "I do hereby devise and bequeath, after the payment of my debts, to my dear brothers and sisters equally, share and share alike, all my estate, real and personal, whatsoever and wheresoever." He appointed James H. Starr independent executor. S. M. Noble had a brother and sister who died before he made his will without leaving issue. He had two brothers who died before he made his will, one in 1854 and one in 1859, both of whom left issue, and they are plaintiffs in this suit. At the time he made his will he had living two brothers and two sisters of the whole blood, and two brothers of the half blood. The brothers of the half blood were the children of his father by his last wife. S. M. Noble, the testator, was killed in the battle of Mansfield, La., on the 8th day of April, 1864. He left surviving him two brothers and one sister of the whole blood and two brothers of the half blood; one of the sisters having died on April 1, 1863, leaving issue, and they are plaintiffs herein. The will was duly probated in the County Court of Nacogdoches County in November, 1864. The independent executor, on June 4, 1870, delivered all the estate, both real and personal, remaining undisposed of by him, to the two brothers and one sister of the whole blood living at the death of the testator, to wit: Mrs. A. D. McAnulty, J. M. Noble and Sim. E. Noble. Plaintiffs and defendants both claimed through the will, the plaintiffs as follows: J. M. Noble, brother of the half blood now living and plaintiff herein. The other plaintiffs are the heirs of the sister who died April 1, 1863; the heirs of the two brothers who died before the execution of the will, and the heirs of the half brother who died in 1875. The defendants claim under mesne conveyances from the two brothers and one sister of the whole blood living at the time of the death of the testator, and to whom the estate was delivered by the executor.

The trial court adopted the view that only the brothers and sister of the whole blood living at the date of the death of the testator could take under the terms of the will, and as the defendants are holding and claiming under them he rendered judgment accordingly.

The judgment is assailed by proper assignments of error which present the questions we will hereinafter discuss.

J. M. Noble, Sim. E. Noble and Mrs. A. D. McAnulty were brothers and sister of the whole blood and were alive at the testator's death.

Mrs. Melvina K. Watkins was a sister of the whole blood and died about one year after the execution of the will, but before the testator died. She left heirs who are parties plaintiff.

George M. and Jimison Noble were brothers of the whole blood and died leaving issue before the execution of the will. Their heirs are parties plaintiff.

Morgan and Mack Noble were brothers of the half blood and were both alive at the date of the execution of the will. Mack is still living and is a party plaintiff. Morgan died about ten years after the probate of the will without issue. The other plaintiffs claim in part as heirs of him.

The questions which arise are:

1. Do the children of the brothers who died before the will was made take under its terms?

2. Do the heirs of Mrs. Watkins who died after the execution of the will, but before the testator, come within its provisions?

3. Can the brothers of the half blood be numbered among the devisees?

As to the first question, we are of opinion that the children of the brothers whose death preceded the date of the will, can not by any fair construction be held to come within its terms.

As to the second question the common law rule seems to be well settled that when the death of the devisee under such a will as the one in question precedes the death of the testator the devise lapses. (In re Wells, 10 Am. St. Rep., 457; See 18 Am. & Eng. Ency. of Law, 748, where many authorities are collated; 2 Redfield on Wills, p. 10.)

Appellants contend, however, that the rule insofar as it may be applied in this State is abrogated by article 5347 of the Revised Statutes of this State. The article cited applies alone to lineal descendants of the testator, and has no application to devisees whose relationship is collateral.

We conclude therefore that the children of Mrs. Watkins can not take under the will and that the share of the estate which she would have taken had she outlived the testator passed under the will to those who were alive and came within its terms at the date of the testator's death. (30 Am. & Eng. Ency. of Law, p. 718.)

The third question must be determined in the affirmative. The word brothers includes brothers of the half blood. (4 Am. & Eng. Ency. of Law, p. 990; 2 Redfield on Wills, p. 30.)

From these conclusions it follows that the heirs of the brothers whose deaths preceded the will can not take. That the heirs of the sister who died before the testator can not take. That the court erred in excluding the plaintiff brother of the half blood, and in excluding the claim of him and the other plaintiffs to heirship to the share of the brother of the half blood who died in 1875 without issue. His share would go to his heirs under the laws of descent and distribution.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*