EDWARD L. SEERY, ADMINISTRATOR C. T. A., *vs.* JOHN FITZPATRICK ET ALS.

Third Judicial District, New Haven, January Term, 1907.
BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

General Statutes, § 296, provides that unless otherwise directed in the will, a devise or bequest to a child, grandchild, "brother" or sister, of the testator, who dies before him, shall not lapse but shall pass to such decedent's issue. *Held* that as thus used the word "brother" included half-brothers.

A word which has a fixed and well known meaning in the law will be presumed to have been used by the legislature in that sense, unless otherwise defined or qualified by the context.

Submitted on briefs January 16th—decided March 6th, 1907.

SUIT for the construction of the will of Mary M. Phelan of Waterbury, deceased, brought to and reserved by the Superior Court in New Haven County, *Case, J.,* upon an agreed statement of facts, for the advice of this court.

Mary M. Phelan of Waterbury died March 2d, 1905,

possessed of an estate consisting of personal property, and leaving a will in which she gave one third of the residue of her estate to her half-brother, Patrick Fitzpatrick. Patrick died before the testatrix, leaving issue. These issue claim to be entitled to said one third, by force of § 296 of the General Statutes. The heirs at law, on the other hand, contend that said legacy lapsed upon the death of Patrick. The complaint asks for a determination of this question.

*Edward L. Seery*, for the plaintiff.

*Nathaniel R. Bronson, Lawrence L. Lewis* and *Thomas F. Lawlor*, for the defendants except the representatives of Patrick Fitzpatrick, deceased.

*Francis P. Guilfoile*, for the representatives of Patrick Fitzpatrick, deceased.

PRENTICE, J. Section 296 of the General Statutes reads as follows : " When a devisee or legatee, being a child, grandchild, brother, or sister of the testator, shall die before him, and no provision is made for such contingency, the issue of such devisee or legatee shall take the estate so devised or bequeathed." The only question presented by this case is as to whether or not the word " brother," as thus used, includes half-brothers.

In England it has long been settled that whenever the word " brother " or " sister " is used in a statute without limitation, it includes half-brothers or half-sisters respectively. *Tracy* v. *Smith*, 2 Lev. 173 ; *Crooke* v. *Watt*, 2 Vern. 123 ; *Grieves* v. *Rawley*, 10 Hare, 61, 63.

A long and almost unbroken line of opinions in this country have adopted the same doctrine, and for reasons which compel concurrence therewith. *Gardner* v. *Collins*, 2 Pet. (U. S.) 58, 85 ; *Sheffield* v. *Lovering*, 12 Mass. 489, 494 ; *Prescott* v. *Carr*, 29 N. H. 453, 458 ; *Oliver* v. *Sanders*, 8 Ohio St. 501 ; *Anderson* v. *Bell*, 140 Ind. 375, 39 N. E.

735; *Estate of Lynch*, 132 Cal. 214, 64 Pac. 284; *Wheeler* v. *Clutterbuck*, 52 N. Y. 67; *Rowley* v. *Stray*, 32 Mich. 70; *Clay* v. *Cousins*, 1 Mon. (Ky.) 75; *State* v. *Wyman*, 59 Vt. 527, 8 Atl. 900; *Luce* v. *Harris*, 79 Pa. St. 432; *Shull* v. *Johnson*, 2 Jones Eq. (N. Car.) 202; *McKinney* v. *Mellon*, 3 Houst. (Del.) 277; *Sharp* v. *Klienpeter*, 7 La. Ann. 264, 267.

The words in the present statute are used without limitation, expressed or implied. In § 398, where a distinction between kindred of the whole and of the half blood is intended to be made, it is clearly expressed. We cannot doubt that both statutes were framed with the common law principle of construction in mind, and with the intention, for which reasons are apparent, to create in the one case a distinction and in the other not to do so. Such we are bound to presume to have been the fact, for it is a sound rule that whenever the legislature uses a term which has a well known and fixed meaning in the law, without defining or qualifying it, it must be supposed to use it with that meaning. *Hillhouse* v. *Chester*, 3 Day, 166, 211; *Leavenworth* v. *Marshall*, 19 Conn. 1, 4.

The Superior Court is advised that the legacy to Patrick Fitzpatrick did not lapse upon his death, and that his issue are entitled to take the same, and to render judgment accordingly.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.