No. 10,427.

THE PEOPLE v. ELLIFF, EXECUTOR.

Decided October 1, 1923.

Proceeding involving the payment of an inheritance tax. Judgment for defendant in error.

*Affirmed.*

1.  WORDS AND PHRASES—*"Brother"* and *"Sister"* defined.

2.  INHERITANCE TAX—*Statutes—Construction.* The same principle of construction applies to "brother" and "sister," as those words are used in the inheritance tax statute.

3.  *Statutes—Construction.* A succession tax statute is to be construed against the taxing power.

4.  STATUTES—*Construction.* It is a fundamental rule of construction that the legislature is presumed to have intended words in their known and commonly accepted signification.

5.  WORDS AND PHRASES—*"Brother"—"Half Brother"—"Sister"—"Half Sister."* The words "brother" and "sister" when used in statutes, without any qualification, include half brother and half sister.

*Error to the County Court of El Paso County, Hon. C. H. Dudley, Judge.*

Mr. VICTOR E. KEYES, Attorney General, Mr. R. H. BLACKMAN, Assistant, Mr. SAMUEL CHUTKOW, Assistant, Mr. RUSSELL W. FLEMING, Attorney General, Mr. W. M. AULT, Assistant, Mr. HAROLD CLARK THOMPSON, Assistant, for the people.

Messrs. CHINN & STRICKLER, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE amount in controversy is small. The Attorney General says the principal reason for bringing the case here

is to have determined for the guidance of the state officers the meaning of the word "sister" in section 2, clause H. of the Inheritance Tax Statute of 1921, (C. L. 1921, Sec. 7485), which reads: "When the beneficial interest in any property or income therefrom shall pass to * * * any brother or sister," the rate of such tax shall be as prescribed in the section. The people contends that the word "sister," as used in the statute, means sister of the full blood only, and not half sister, or sister of the half blood; and as the defendant in error is a half sister of the deceased, she was properly classed in the report of the inheritance tax commissioner as a "stranger," that is, as falling within the class of cases not enumerated in the section from which the quotation is made.

The following definitions of "brother"—and a similar definition, of course, is equally applicable to "sister," the one being correlative of the other,—are taken from the lexicographers and law dictionaries:

1 Bouvier's Law Dictionary: "Brother. He who is born from the same father and mother with another, or from one or them only."

Black's Law Dictionary, 154: "Brother. One person is a brother 'of the whole blood' to another, the former being a male, when both are born from the same father and mother. He is a brother 'of the half blood' to that other, (or half-brother) when the two are born to the same father by different mothers, or by the same mother to different fathers."

Century Dictionary: 1. "Brother. A male person in his relation to another person or other persons of either sex born of the same parents; a male relative in the first degree of descent or mutual kinship.

2. A male person in his relation to any other person or persons of the same blood or ancestry."

Webster defines sister: "A female person, * * * considered in her relation to another person, * * * having the same parents (whole sister), or one parent in common (half sister)."

Ever since the decision in the case of *Crooke v. Watt,* 2 Vern. Ch. 124, 23 Reprint 689, the English courts have uniformly held that a half brother or sister is entitled to an equal share of personalty left by an intestate decedent. This doctrine has been generally followed in the courts of this country, except where the law of descent has been expressly changed by statute. The people, however, contends that the same principle of construction does not apply to "brother" or "sister" in our inheritance or succession statute. We see no reason why the same construction should not be applied. The decisions in this country, as to the meaning of these words, are not restricted to them when found in statutes of descent and distribution only, but are based upon the proposition that whenever the words "brother" and "sister" are used in a statute, without any qualifying words, they include half brother or half sister, or brother or sister of the half blood, respectively. It is immaterial whether a strict rule of construction is applied to the succession tax statute or not, but in this state, following the decision of the Supreme Court of the United States, it has been held that these statutes are to be construed strictly against the taxing power. *People v. Koenig,* 37 Colo. 283, 85 Pac. 1129, 11 Ann. Cas. 140. And the decided weight of authority in this country is in favor of such construction. Neither is it important here whether exemptions should be construed strictly against the exemption or in favor of the tax. There is not any language in our statute indicating a legislative intent to exclude half brothers and half sisters, or brothers and sisters of the half blood. If they are included in the words "brothers and sisters," the decision below, which was that the decedent's half sister was required to pay only the same tax a full sister or sister of the whole blood must pay, was right and it should be affirmed.

It is a fundamental rule of construction that a legislature is presumed to have intended words in their known and commonly accepted signification. *Kennedy v. People,* 9 Colo. App. 490, 49 Pac. 373. That "brother and sister,"

when used without any qualification, include "half brothers and half sisters" is unquestioned. Only one case has been cited which passes upon the precise question involved here, i. e. where "sister,". appearing in a succession tax statute, has been construed. It was by a *nisi prius* court. *Ormsby's Estate,* 5 Ohio Dec. 553. While it may not be decisive or pursuasive of the case at bar, because not by a court of final jurisdiction, it is so obviously warranted by the decision of the Supreme Court of Ohio in *Stockton v. Frazier,* 81 Ohio St. 227, 90 N. E. 168, 26 L. R. A. (N. S.) 603, that we regard it as in harmony therewith, and with the cases generally. The *Stockton* Case, and *Cliver v. Sanders, et al.,* 8 Ohio St. 501, hold that when the words "brother and sister" are used in a statute, not in any particular statute but in statutes generally, "half brother and half sister" respectively are included therein. The following cases are to the same effect: *Anderson v. Bell,* 140 Ind. 375, 39 N. E. 735, 29 L. R. A. 541; *Lynch v. Lynch,* 132 Cal. 214, 64 Pac. 284; *Barnhill v. Sharon,* 135 Ky. 70, 121 S. W. 983; *Watkins v. Blount,* 43 Tex. Civ. App. 460, 94 S. W. 1116; *Seery v. Fitzpatrick,* 79 Conn. 562, 65 Atl. 964, 9 Ann. Cas. 139. They are well reasoned decisions and squarely in point here.

The rule is familiar that the defendant is given the benefit of the doubt in construing criminal statutes, or words in a statute which he is charged with having violated. Even in such cases the words "brother" and "sister," when used without qualification, are given the same construction as where these words appear in civil statutes. In *State v. Wyman,* 59 Vt. 527, 8 Atl. 900, 59 Am. Rep. 753, in an indictment for incest, it was held that "brother" in the statute includes a brother of the half blood. It was there contended by the defendant that brother in the statute was not broad enough to cover a brother of the half blood. The court said that it was.

In *Shelly v. State,* 95 Tenn. 152, 31 S. W. 492, 49 Am. St. Rep. 926, it was held that "sister" as used in the statute defining incest, includes "half sister." In *Burdue v. Com-*

*monwealth,* 144 Ky. 428, 138 S. W. 296, the court said, in construing a statute reading: "Whoever shall carnally know * * * his sister * * * shall be guilty of a felony," no distinction is made between a full sister and a half sister. In *Finley v. Abner,* 129 Fed. 734, 64 C. C. A. 262, Mr. Justice Hook, in discussing a Kansas statute reading: "Children of the half blood shall inherit equally with children of the whole blood," said that "children" should be construed as meaning "kindred," as every child is of the full blood of both its parents, and no child could be of the half blood of either of its parents. This decision is cited, not because it is expressly in point, but as indicating, as stated by its learned author, that the construction there made is in harmony with modern legislation and judicial interpretation generally of statutes having as their object to permit kindred of the half blood to inherit equally with those of the full blood. To require brothers and sisters of the half blood to pay a higher rate of inheritance or succession tax than those of the full blood would be to discriminate in favor of the latter. Our General Assembly did not, in the succession or inheritance tax statute, indicate, either explicitly or impliedly, that any discrimination or distinction, as between brothers and half brothers, or sisters and half sisters, was intended. In construing the statute we are, therefore, bound to presume that the words "brother" and "sister" were intended to, and they did, include half brother and half sister respectively, since no qualifying or limiting words or expressions are found in the statute.

The judgment of the County Court, being in accordance with our views, is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.