## No. 21663.

### Maxine Lorraine Lidke v. Industrial Commission, et al.

(413 P.2d 200)

Decided April 18, 1966.

Holley, Boatright & Villano, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James D. McKevitt, Assistant, for defendant in error Industrial Commission of the State of Colorado.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

The plaintiff in error, who will be referred to as the claimant, made a claim for unemployment compensation which was denied by a deputy adjudicator of the Department of Employment of the State of Colorado. The proceedings before the Industrial Commission finally resulted in the approval of the findings and award of a referee, which was in the following language:

"The referee concludes the claimant voluntarily left employment with Spartan Department Store to accept a better job. Since the law provides that a job shall not be considered to be a better job that does not last at least three months from the date of acceptance, and this one lasted for only two months, the claimant shall be granted No Award of Benefits under Section 82-4-8 (3) (b) (v) of the Colorado Employment Security Act.

"The deputy has considered the circumstances sur-

rounding the claimant's leaving of employment with the employer and has reached a just and proper determination which granted No Award of Benefits. No new evidence has been presented to the referee which might warrant an alteration in the finding that the claimant was an employee with her new employer only between March 2 and perhaps May 2 of 1964.

"DECISION: The claimant voluntarily left employment with the employer to accept what she considered to be a better job. Since the accepted job did not last for at least three months, the claimant shall be granted No Award of Benefits under Section 82-4-8 (3) (b) (v) of the Law."

In review proceedings before the district court the action of the Industrial Commission was affirmed.

The facts which are pertinent to the question presented are as follows: Prior to February 1, 1964, the claimant was employed by Spartan Industries. On that date she informed her employer that she had been offered, and had accepted, what she considered a better job with the Pan American Life Insurance Agency. We emphasize that the new position was offered to her and accepted by her prior to the time, on February 1, 1964, when she gave notice to Spartan Industries of termination of her employment. She ceased her actual work for Spartan Industries on February 29, 1964. Her actual appearance at work for the new employer began on March 2, 1964, and she received compensation for services rendered to it to and including May 2, 1964. As shown by the findings of the referee of the commission, which were adopted as correct, and by the judgment of the district court, the reason for denial of her claim, which resulted from loss of employment by Pan American Insurance Agency, was that she did not leave her former employment by "accepting a better job" as that term is defined by C.R.S. 1963, 82-4-8 (3) (b) (v) from which we quote the following:

"(3) Full award shall be made when the unemploy-

ment is the result of one or more of the causes provided in this subsection (3):

\* \* \*

"(b) A worker quitting employment because of:

\* \* \*

"(v) Accepting a better job. In determining whether or not the job accepted is a better job, the department shall consider, but shall not be limited to a consideration of, the rate of pay, the hours of work, and the probable permanency of the job quit as compared to the job accepted, cost to the worker in getting to the job quit and the job accepted, the distance from the worker's place of residence to the job accepted in comparison to the distance from the worker's residence to the job quit, and whether or not such worker acted as a reasonably prudent individual would have acted under the same or similar conditions; *provided, no job shall be considered better* that is not offered and accepted prior to the date of quitting; *that does not last at least three months from the date of acceptance.* \* \* \*" (Emphasis supplied.)

The Industrial Commission erroneously interpreted the italicised portion of the foregoing statute to mean that the claimant must actually have been on the job performing services in the new employment for at least three months before it could be adjudged that she had terminated old employment by "accepting a better job." The plain meaning of the words used in the statute requires a different holding. Ordinarily, words and phrases found in constitutional and statutory provisions are to be construed by giving to them their familiar and generally accepted meaning. Forced, subtle, strained or unusual definitions should never be resorted to "where the language used is plain, its meaning clear, and no absurdity is involved." *Jones v. Board of Adjustment*, 119 Colo. 420, 204 P.2d 560; *People ex rel. v. Hinderlider, et al.*, 98 Colo. 505, 57 P.2d 894; *People v. Elliff*, 74 Colo. 81, 219 Pac. 224. If a new job must be

*offered and accepted prior to the date of quitting an old job,* the act of "acceptance" of the new job cannot be postponed until after work is actually commenced on the new employment.

In the instant case the "acceptance" of the new employment by the applicant was made on February 1, 1964, immediately prior to the time she gave notice to Spartan Industries of her intention to quit. Since she was compensated for services rendered through May 2, 1964, by the new employer, the new job lasted three months "from the date of acceptance." The Industrial Commission and the district court erred in holding otherwise.

The judgment is reversed and the cause remanded with directions to require the entry of unemployment compensation by the Industrial Commission, as prayed for by the claimant.

MR. JUSTICE MCWILLIAMS not participating.