## No. 27987

### Philbert M. Mijares v. Marion M. Shipley, Sheriff, El Paso County, Colorado

(592 P.2d 414)

Decided March 26, 1979.

J. Gregory Walta, State Public Defender, Craig Truman, Chief Deputy, Lawrence S. Galka, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Richard H. Goldberg, Assistant, for respondent-appellee.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

Appellant Mijares was incarcerated in the El Paso County Jail on a parole violation complaint and warrant. He sought release by writ of habeas corpus which was discharged by the trial court. This appeal followed. We affirm the trial court's judgment.

Appellant's main contention on appeal is that he was not afforded a probable cause hearing within seven days after the advisory hearing by his parole officer as provided by section 17-2-103(4)(a), C.R.S. 1973 (1978 Repl. Vol. 8), and therefore the trial court erred in denying his release from custody. This statute states, in part, that "the hearing officer shall set, within seven working days, a time for a hearing to determine whether there is probable cause to believe that the parolee has violated a condition of parole."

The appellant argues that the statute should be interpreted as requiring that a probable cause hearing be held within seven working days of the parole advisory hearing. We do not agree. The language of the statute clearly states that "the hearing officer shall *set,* within seven working days, a time for a hearing." (Emphasis added.) The statutory language is plain and clear on its face and must be construed according to its familiar and generally accepted meaning. *People v. Gallegos,* 193 Colo. 108, 563 P.2d 937 (1977); *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973); *Lidke v. Industrial Commission,* 159 Colo. 580, 413 P.2d 200 (1966); *Jones v. Board of Adjustment,* 119 Colo. 420, 204 P.2d 560 (1949). The fact that we may believe that a given statute could be better drafted does not entitle this court to void the statute or to go beyond a common sense understanding of the statutory terms. *People v. Garcia,* 189 Colo. 347, 541 P.2d 687 (1975).

We also do not agree with the appellant that the statute necessarily leaves open the possibility of an undue delay before a determination of probable cause can be made and thus should be interpreted as the appellant suggests. In this case, only twenty-three working days elapsed between the time of setting and the date of the probable cause hearing itself. We do not consider that interval constitutionally significant. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In addition, although section 17-2-103(4)(a) is silent regarding a time limitation within which the probable cause hearing must be held, we believe that due process in matters such as these requires only that a hearing be conducted as "promptly as convenient." *Morrissey v. Brewer, supra.*

There is no merit to the appellant's remaining contention.
The judgment of the trial court is affirmed.
MR. JUSTICE CARRIGAN does not participate.