[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 972
 FACTS
This is an appeal by the plaintiff, Susan VonNeida, administratrix of the estate of Carl Douglas Harthon, from the order of the Probate Court of Windsor dated June 14, 1999, made regarding the plaintiff's application for construction of a will dated April 21, 1978. According to the plaintiff's motion for appeal, Probate Court decree found "no intent evidenced by the deceased testator that the share of Mae VonNeida should pass either to her daughter, Susan VonNeida, or her sister, Eleanor Griffin; nor did the Court find Section 45a-441 of the General Statutes applicable, "Therefore, the Court concluded" one-half share of the rest, residue and remainder of the estate shall pass to the heirs of Carl D. Harthon, as yet unknown."
The half residue which is subject to the Probate Court decree was specifically devised to Mae VonNeida under the third paragraph of the will of Carl Douglas Harthon, who died on November 7, 1998, leaving no known heirs at law. Eleanor Griffin the other specific devisee survived the testator, but Mae VonNeida predeceased him having died in 1989.
On appeal, the plaintiff seeks an order determining the construction of the will, specifically, the third paragraph,[1] with respect to: whether General Statutes § 45a-441 applies to the bequest to her mother, Mae VonNeida,; whether Harthon intended the plaintiff the daughter of Mae VonNeida, to share in the estate, particularly the bequest to her mother in the third paragraph; and whether, even if the plaintiff is not entitled to share in the estate, the remainder of the estate should pass to Eleanor G. Griffin under the third paragraph. On June 16, 2000, the plaintiff filed this motion for summary judgment, accompanied by a memorandum of law and an affidavit from Griffin, claiming there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law. No opposition to the plaintiff's motion has been filed.
 -I-
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Miles v. Foley,253 Conn. 381, 386, 752 A.2d 503 (2000). The party seeking summary judgment has the burden of showing the absence of any genuine issue of CT Page 973 material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo and decide the appeal as an original proposition unfettered by the result reached in the probate court. Kerin v. Stangle, 209 Conn. 260, 264,550 A.2d 1069 (1988).
The plaintiff argues that General Statutes § 45a-441 applies to prevent a lapse of the bequest to her mother, Mae VonNeida. In her memorandum, the plaintiff relies on Seery v. Fitzpatrick, 79 Conn. 562,65 A. 964 (1907), for the proposition that courts in Connecticut apply the anti-lapse statute beyond its literal terms. Section 45a-44 1 provides:
 "When a devisee or legatee, being a child, stepchild, grandchild, brother or sister of the testator, dies before him, and no provision has been made in the will for such contingency, the, issue of such devisee or legatee shall take the estate so devised or bequeathed."
In Seery v. Fitzpatrick, supra, 79 Conn. 562, the only issue before the court was whether the word "brother" as used in that statute included half brothers. The court explained that "[i]n England it has long been settled that whenever the word brother or sister is used in a statute without limitation [as in the statute in Seery], it includes half-brothers or half-sisters respectively." Id., 563.
In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. Indeed, a basic tenet of statutory construction is that when a statute is clear and unambiguous, generally there is no room for construction. Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278-79, 679 A.2d 347 (1996). There is no ambiguity or lack of clarity in the statute.
Furthermore, "statutes providing against the lapse of a devise or legacy to a brother or sister of the testator have been held applicable to gifts to a half brother or half sister of the testator, but inapplicable to gifts to a sister-in-law of the testator." 80 Am.Jur.2d 730, Wills § 1674 (1975). In a Delaware decision cited by Am.Jur., CT Page 974 the court specifically held that brothers-in-law and sisters-in-law are not included within the term "brother or sister" as used in an anti-lapse statute because "[w]hen the statute refers to brother or sister it means brother or sister by blood. This is too obvious for discussion." Stieglerv. Hibbert, 17 Del. Ch. 32, 147 A. 252, 253 (1929).
We are unable to reach the conclusion sought by the plaintiff that sisters-in-law are included within the term "sister" as used in §45a-441 and accordingly, the plaintiff is not entitled to judgment as a matter of law on this issue.
 -II-
The plaintiff next argues that even if § 45a-441 does not apply to prevent the lapse of the bequest her mother, the will should be construed in accordance with Harthon's general intent to benefit the plaintiff and her daughter. In her memorandum, the plaintiff relies on Hershatter v.Colonial Trust Co., 136 Conn. 588, 594, 73 A.2d 97 (1950), for the proposition that courts in Connecticut look to the testator's general intent as expressed in the will or as shown from extrinsic evidence when construing a will, provided that the general intent does not conflict with a specific intent expressed in the will. The plaintiff argues that the will demonstrates that Harthon intended for both her mother and Griffin to share equally in the residuary estate, and that the extrinsic evidence of Harthon's relationship with the VonNeida family shows Harthon's general intent to benefit the plaintiff herself.
The strongest extrinsic evidence offered by plaintiff is contained in an affidavit filed by Eleanor G. Griffin which states that Harthon "believed that leaving a portion of his estate to Mae VonNeida would also benefit Mae's daughter, Susan VonNeida, if Mae were not alive to take it. Further, knowing Doug Harthon as well as I did, once he made a provision in his Will for Mae VonNeida, it would not have occurred to him to change his Will after Mae's death to provide that Susan VonNeida should receive her mother's share."
The construction of a will presents a question of law to be determined in the light of facts which are found by the trial court or are undisputed or indisputable. Connecticut National Bank Trust Co. v.Chadwick, 217 Conn. 260, 266, 585 A.2d 1189 (1991). While it is true that in construing a will the court will attempt to effectuate the intent of the Testator, the court is limited however by the language of the will.Smuda v. Smuda, 153 Conn. 430 (1966). Rosgen v. Veneziano, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 073323 (December 31, 1998, Kocay, J.) (23 Conn.L.Rptr. 617, 619). The court must examine the will to determine not what the Testator meant to say but CT Page 975 what he did mean by what he said. Connecticut Bank Trust Co. v. Lyman,148 Conn. 273 (1961)." Rosgen v. Veneziano, supra,23 Conn.L.Rptr. 619. The court cannot rewrite the will of a testator or provide a dispositive provision that a will has omitted, and while the court will strive for a construction that will avoid intestacy, construction plainly required by the terms of a will cannot be avoided because it leads to intestacy. Colonial Bank Trust Co. v. Stevens, 164 Conn. 34, 41
(1972).
Furthermore, general intent "is a consideration to which we may resort in determining the meaning to be accorded ambiguous language. . . . Provisions in a will evidencing a general intent may never explain away the expression of a particular intent. . . . But they may be of great weight in clarifying what is of doubtful meaning." Hershatter v. ColonialTrust Co., supra, 136 Conn. 593; see also Bronson v. Pinney, 130 Conn. 262,269, 33 A.2d 322 (1943) ("Where a general intent appears from the terms of the will, it may be of great weight in determining the meaning to be attached to certain expressions if they are ambiguous, but it cannot supply an intent which is not found in the language of the will.").
In the present case because the language used in Harthon's will is unambiguous, and little doubt has been raised concerning the interpretation to be accorded to the language used in the third paragraph. Therefore, the "general intent" doctrine urged by plaintiff is simply inapplicable and the plaintiff is not entitled to judgment as a matter of law on this issue.
 -III-
Lastly, the plaintiff argues that "even if this Court should find that § 45a-441 and the general intent doctrine do not apply, the bequest to Mae VonNeida need not lapse, since the bequest to Mae VonNeida was made in the residuary clause, and there is another residuary legatee; therefore the lapsed gift to Mae VonNeida should pass to the remaining residuary legatee, Eleanor Griffin."
It has long been settled law in Connecticut that, if a gift of a portion of the residue of an estate fails, that portion becomes intestate property. Bronson v. Pinney, supra, 130 Conn. 270; see also Clark v.Portland Burying Ground Assn., 151 Conn. 527, 531, 200 A.2d 468 (1964);Morehouse v. Bridgeport-City Trust Co., 137 Conn. 209, 216, 75 A.2d 493
(1950).
This court has some sympathy for plaintiff's efforts to avoid a lapsed gift which may escheat to the state and to achieve an award to the daughter of the deceased legatee, but there is no mention of the daughter CT Page 976 in the will or any other convincing evidence which would dispose of the question of material fact concerning the intention of the testator, even if the doctrine was applicable.
Since the gift to the plaintiff's mother in the residuary clause of the will lapses and must pass by the laws of intestacy the plaintiff is not entitled to judgment as a matter of law on this issue.
Plaintiff's motion for summary judgment is denied.
Wagner, TJR