### CHICAGO, M. & ST. P. RY. CO. v. ANDERSON.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1909.)

#### No. 2,770.

1. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SCOPE.

An assignment that the verdict "is not justified by the evidence and is contrary to law" is too general and indefinite to raise a question for the consideration of the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017, 3021; Dec. Dig. § 731.*]

2. APPEAL AND ERROR (§ 997*)—REVIEW—VERDICT.

Where the evidence is conflicting, and there is substantial proof in support of the verdict, the denial of defendant's motion for a directed verdict will not be reversed, though the preponderance of the evidence favors defendant's contention.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4024; Dec. Dig. § 997.*]

3. EVIDENCE (§ 20*)—JUDICIAL NOTICE—RAILROAD MANAGEMENT—AUTHORITY OF CONDUCTOR.

Courts will take judicial notice of the general features of railroad operation, that the conductor of a train has control and management there-

of, and that the protection of the railroad company's rights against tres-
passers is within the general scope of his authority.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 24; Dec. Dig.
§ 20.*]

**4. RAILROADS (§ 277*)—TRESPASSERS—EJECTION.**

A railroad company is liable for compensatory damages for a misuse
of a conductor's authority in the ejection of a trespasser from a freight
train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 887–890; Dec.
Dig. § 277.*

Duty to trespasser on train, see note to Southern Ry. Co. v. Shaw, 31
C. C. A. 76.]

**5. TRIAL (§ 244*)—REQUEST TO CHARGE—PROMINENCE TO PARTICULAR MATTERS.**

Requests to charge especially directing the jury's attention to state-
ments, claimed to have been made by plaintiff after the accident, not in
harmony with his testimony at the trial, and that, if the jury found the
statements were understandingly made and were true, their verdict should
be for defendant, were properly refused as singling out and giving undue
prominence to particular matters of evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig.
§ 244.*]

In Error to the Circuit Court of the United States for the District
of Minnesota.

M. B. Webber (Edward Lees, on the brief), for plaintiff in error.

W. D. Abbott (L. L. Brown and S. H. Somsen, on the brief), for
defendant in error.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, Dist-
trict Judge.

HOOK, Circuit Judge. The plaintiff, Roy Anderson, recovered a
judgment against the railway company for personal injuries sustained
by being compelled by one of its trainmen to get off of a freight train
while it was in rapid motion. Anderson was a trespasser, and claimed
he was forced to get off by threats of personal violence at a time
when it was very dangerous to do so. He first said a brakeman
threatened him, but afterwards identified the conductor as the man.
The company presents six assignments of error.

The first assignment, that the verdict of the jury "is not justified
by the evidence and is contrary to law," is too general and indefinite
to raise a question for the consideration of this court. Wilson v. Ev-
erett, 139 U. S. 616, 11 Sup. Ct. 664, 35 L. Ed. 286; Oswego Town-
ship v. Travelers' Insurance Co., 70 Fed. 225, 17 C. C. A. 77.

The second is that the trial court erred in denying the request of the
railway company for a directed verdict. It will serve no useful pur-
pose to set forth the testimony. It was conflicting, and, while the
preponderance may have favored the defendant, it cannot be denied
there was substantial proof supporting the verdict.

The third and sixth assignments relate to instructions given the
jury; the contention being that, as there was no proof upon the sub-
ject, it was error for the court to assume the conductor had authority
to eject a trespasser from a moving train. It is said that "the rela-
tion between the master and servant in such cases is reduced to one

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of agency, to establish the scope of which proof must be offered," and that "no presumption can possibly arise as to the authority of a conductor upon a freight train to deal with persons seeking transportation thereon." The law is, however, that courts take judicial notice of the general features of railroad operation, that the conductor has the control and management of the train to which he is assigned, and that the protection of the rights of the company against trespassers is within the general scope of his authority. A misuse of such authority subjects the company to liability for compensatory damages.

In the fourth and fifth assignments complaint is made of the refusal to give two instructions that were requested. In each of them it was sought to direct the attention of the jury specially to statements which witnesses' testified Anderson made after the accident and which were not in harmony with his testimony at the trial, and to have the jury instructed that, if they found the statements were understandingly made and were true, their verdict should be for the defendant. The trial court was right. The vice in such instructions is that they single out and give undue prominence to particular matters of evidence. Western Coal & Mining Co. v. Berberich, 94 Fed. 329, 36 C. C. A. 364.

The judgment is affirmed.