### WESTERN UNION TELEGRAPH CO. v. WINLAND.

(Circuit Court of Appeals, Eighth Circuit.  October 11, 1910.)

#### No. 3,332.

1. APPEAL AND ERROR (§ 1078*)—BRIEF—CONTENTS—SPECIFICATIONS OF ERRORS.

Where the brief of plaintiff in error does not contain a specification of errors relied on and intended to be urged, as required by Court of Appeals rule No. 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii), and does not discuss any of the errors assigned, they will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. § 1078.*]

2. APPEAL AND ERROR (§§ 732, 733*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error that the court erred in overruling defendant's motion for a new trial, and in entering judgment for plaintiff against the defendant, are too indefinite to be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3027; Dec. Dig. §§ 732, 733.*]

3. APPEAL AND ERROR (§ 170*)—SCOPE OF REVIEW—QUESTIONS NOT RAISED AT TRIAL.

The constitutionality of a state statute, on which plaintiff was permitted to recover, cannot be attacked for the first time in the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1035–1052; Dec. Dig. § 170.*]

In Error to the Circuit Court of the United States for the Western District of Arkansas.

Action by Caroline Winland against the Western Union Telegraph Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

Francis Raymond Stark and J. M. Shinn (George H. Fearons, Franklin Ferriss, Joseph H. Zumbalen, and Henry T. Ferriss, on the brief), for plaintiff in error.

W. F. Pace and Troy Pace, for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and REED, District Judge.

REED, District Judge.  Caroline Winland sued the Western Union Telegraph Company, which will be called the defendant, to recover damages for mental anguish alleged to have been suffered by her because of the neglect of the defendant in transmitting and delivering to her in the state of Arkansas a telegraphic message informing her of the death of her son, whereby she was prevented from attending his funeral and burial.  A trial resulted in a verdict and judgment in her favor, and defendant brings error.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

494        182 FEDERAL REPORTER.

The assignments of error are:

"(1) The court erred in refusing to charge the jury as requested by the defendant in its instructions Nos. 2, 3, and 4 asked by it. (2) The court erred in overruling the motion of the defendant for new trial. (3) The court erred in entering judgment for the plaintiff against the defendant."

The brief of counsel for plaintiff in error does not contain a specification of the errors relied upon and intended to be urged, as required by rule No. 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii) of this court, and does not discuss any of the errors assigned, and they will not be considered. The second and third assignments, however, raise no question for the consideration of this court. Railway Company v. Heck, 102 U. S. 120, 26 L. Ed. 58; Wilson v. Everett, 139 U. S. 616–621, 11 Sup. Ct. 664, 35 L. Ed. 286; Railway Company v. Anderson, 168 Fed. 901, 94 C. C. A. 241.

The plaintiff was permitted to recover under a statute of the state of Arkansas approved March 7, 1903, which is as follows:

"All telegraph companies doing business in this state shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages; and in all actions under this section the jury may award such damages as they conclude resulted from the negligence of the said telegraph company." Kirby's Digest of the Statutes of Arkansas, § 947.

In argument in this court the defendant assails this statute as being in violation of the Constitution of Arkansas and of section 1 of the fourteenth amendment to the Constitution of the United States. But no such question was raised in, presented to, or determined by the trial court. The jurisdiction of this court is appellate, and in actions at law is limited to a review and determination of the alleged errors of the trial courts, and under familiar rules it will neither consider nor determine questions not presented to and first determined by the trial court. The question so argued is an important constitutional question, the defendant did not see fit to raise it in the trial court and have it there determined, and this court will not now consider or determine it.

The judgment is affirmed, with costs.

Affirmed.