FISHER MACH. WORKS CO. v. DOUGHERTY.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1916., Rehearing Denied May 1, 1916.)

No. 4449.

1. TRIAL ☞418—DEMURRER TO EVIDENCE—WAIVER.
    A demurrer to plaintiff's evidence was waived by the introduction of evidence on the part of defendant.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 981; Dec. Dig. ☞ 418.]

2. DAMAGES ☞158(1)—EVIDENCE—PERSONAL INJURIES—APPLICABILITY TO PLEADINGS.
    A petition alleging that plaintiff's legs and the lower part of his body were mashed or crushed, and that he was injured internally, the exact nature and extent of which he could not more definitely state at that time, was sufficient, in the absence of a motion to make more specific, to authorize evidence that plaintiff was ruptured.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441, 443, 444; Dec. Dig. ☞158(1).]

3. APPEAL AND ERROR ☞263(1), 730(2)—QUESTIONS REVIEWABLE—EXCEPTIONS —ASSIGNMENT OF ERROR—INSTRUCTIONS.
    Where the portion of the charge alleged to have been erroneous was not set out totidem verbis, as required by rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), and no exception was taken to the charge as given, the judgment will not be reversed on an assignment of error to the charge.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516, 1520, 1522, 1523, 1525, 1529–1532, 3014, 3015; Dec. Dig. ☞263(1), 730(2).]

4. TRIAL ☞252(11)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.
    Where there was evidence that defendant promised to warn his servant whenever other servants were about to perform the work in connection with which plaintiff received his injuries, a requested charge that the plaintiff assumed all of the open, ordinary, and obvious risks of his employment was properly refused.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ☞ 252(11).]

5. MASTER AND SERVANT ☞294(5)—INJURIES TO SERVANT—DUTY OF MASTER— DELEGATION.
    In an action by a servant for injuries caused by his master's failure to use ordinary care to furnish a reasonably safe place for work, a requested charge on the negligence of fellow servants was properly refused, since that duty could not be delegated by the master.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1164; Dec. Dig. ☞294(5).]

6. APPEAL AND ERROR ☞974(1)—TRIAL ☞349(2)—REVIEW—DISCRETION OF LOWER COURT—SPECIAL QUESTIONS TO JURY.
    The submission of special questions or findings of fact to the jury in a personal injury action is discretionary on the part of the trial court, and error cannot be assigned thereon.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3858; Dec. Dig. ☞974(1); Trial, Cent. Dig. § 824; Dec. Dig. ☞349(2).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7.** APPEAL AND ERROR ☞733—QUESTIONS REVIEWABLE—ASSIGNMENT OF ERROR.

In an action for personal injuries, where the verdict was for plaintiff, an assignment that the court erred in refusing to render judgment for defendant, instead of plaintiff, presents nothing for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. ☞733.]

**8.** APPEAL AND ERROR ☞688(1)—QUESTIONS PRESENTED—MOTION FOR NEW TRIAL.

An assignment of error relating to remarks of the trial court, which remarks do not appear in the bill of exceptions, but only in the motion for new trial, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2894, 2895; Dec. Dig. ☞688(1).]

**9.** APPEAL AND ERROR ☞977(1)—QUESTIONS REVIEWABLE—MOTION FOR NEW TRIAL.

The ruling of the trial court on a motion for a new trial is not reviewable in the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3860; Dec. Dig. ☞977(1).]

In Error to the District Court of the United States for the District of Kansas.

Action for personal injuries by Charles P. Dougherty against the Fisher Machine Works Company, a corporation. Judgment for the plaintiff, and defendant brings error. Affirmed.

Ewing C. Bland, of Kansas City, Mo., and Arthur M. Jackson, of Leavenworth, Kan. (Glenn R. Donaldson, of Kansas City, Mo., on the brief), for plaintiff in error.

John H. Atwood, of Kansas City, Mo. (O. S. Hill, of Kansas City, Mo., on the brief), for defendant in error.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. Dougherty, hereinafter called plaintiff, sued the machine company, hereinafter called defendant, to recover damages for personal injuries received by him and which he alleged were caused by the negligence of the company. At the trial a verdict was returned, upon which judgment was rendered in favor of the plaintiff. The defendant brings the case here, assigning eight errors on which it prays a reversal of the judgment below.

[1] First. It is assigned as error that the court erred in overruling the defendant's demurrer to plaintiff's evidence. The demurrer was waived by the introduction of evidence on the part of defendant, and no demurrer was interposed at the close of all the evidence.

[2] Second. It is assigned as error that the court erred in overruling the objections made by defendant to the evidence introduced by plaintiff. The evidence admitted, or the full substance thereof, is not quoted in connection with this assignment of error. Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii). In the brief there is a statement under this head of two rulings of the court—one, a refusal to strike out a portion of an answer to a question propounded by defendant's coun-

sel to plaintiff; the other, an admission of evidence from the same witness that he had no rupture prior to the accident. The motion to strike related to a reference to this rupture by the plaintiff when defendant's counsel was asking him concerning his injuries. Both objections were made for the reason that plaintiff did not plead anything about a rupture. The plaintiff alleged in his petition that "his legs and the lower parts of his body were mashed or crushed"; that "he was injured internally, the exact nature and extent of which plaintiff cannot at this time more definitely state." If the defendant thought the petition was indefinite as to the injuries received by the plaintiff, it could have by motion had it made more specific. No such motion having been made, we think the testimony in regard to the rupture was admissible.

[3] Third. That the court erred in its instructions to the jury. The portion of the charge alleged to have been erroneous is not set out totidem verbis. Rule 11. Moreover, the record shows that there was no exception taken to the charge of the court as given.

[4, 5] Fourth. That the court erred in refusing to give certain instructions requested by defendant. The instruction refused is not set out, as required by rule 11. We have, however, in the interest of justice, examined the record, and find that counsel did request two instructions, which were refused, and an exception allowed. They are as follows: (a) The defendant requests the court to instruct the jury that the plaintiff in this case assumed all of the open, ordinary, and obvious risks of his employment. This request was inapplicable to the case on trial, for the reason that there was evidence that the defendant promised to warn the plaintiff whenever the servants of defendant were about to perform the work in connection with which plaintiff received his injuries. (b) "Defendant also requests the court to define to the jury what is meant by the term 'fellow servant,' and to instruct the jury that, if it believes from the evidence that the plaintiff was injured by reason of the negligence of his fellow servants, the plaintiff cannot recover." This request was properly refused because the duty for the violation of which plaintiff sued defendant could not be delegated. It was the absolute duty of the defendant to use ordinary care to furnish the plaintiff with a reasonably safe place to perform his work, and this duty could not be delegated so as to relieve the defendant from liability.

[6] Fifth. That the court erred in refusing to submit ten special questions or findings of fact to the jury. This was discretionary on the part of the trial court, and there is no merit in the assignment.

[7] Sixth. That the court erred in refusing to render judgment for defendant, instead of plaintiff. This assignment presents nothing for review.

[8, 9] Seventh. This assignment of error relates to certain remarks which it is claimed the trial court made to the jury on an occasion when the jury had reported that they were unable to agree. Nothing in reference to this appears in the bill of exceptions. It appears in the record in this way: Counsel for defendant moved for a new trial in the court below, and one of the grounds urged for a new trial were

the remarks claimed to have been made by the court to the jury as above stated. These remarks were made to appear on the motion for a new trial by an affidavit of counsel for defendant, and the proceedings on motion for a new trial are incorporated in the record filed in this court; but they are not properly a part of the record, as we have no power to review the action of the trial court in granting or refusing a new trial. In order that we may review on writ of error alleged errors in the rulings of the trial court, such rulings must be excepted to, and the rulings incorporated in a bill of exceptions, certified and allowed by the trial judge.

Eighth. That the court erred in overruling the motion for a new trial of this cause. As we have before said, the ruling of the trial court on the motion for a new trial is not reviewable in this court.

No assignment of error having any merit, the judgment below is affirmed.