**THOMPSON et al. v. RIDDLE et al.**

No. 7848—Opinion Filed Jan. 29, 1918.

(171 Pac. 331.)

### Champerty and Maintenance—Conveyance of Restricted Indian Lands.

While the alienation of her allotted lands was restricted, a member of the Choctaw Tribe of Indians by warranty deed attempted to convey the same; the grantee obtaining possession thereof for more than one year. Subsequently restrictions upon alienation were removed, and the allottee conveyed the lands to another. In an action by the second grantee against the first to recover possession of the premises, held, that the validity of the second conveyance was not affected by the champerty statute (section 2260, Rev. Laws 1910), as the alienation of such restricted lands is controlled by congressional enactment.

(Syllabus by Pryor, C.)

Error from District Court, Grady County; Cham Jones, Judge.

Action by W. J. Thompson and another against F. E. Riddle and others. Judgment for defendants, and plaintiffs bring error. Motion to dismiss denied, and judgment reversed, with directions to enter judgment for plaintiffs.

Thompson, Patterson & Farmer and Blanton & Andrews, for plaintiff in error.

Harry Hammerly, for defendant in error.

Opinion by PRYOR, C. This action was commenced in the district court of Grady county, Okla., by the plaintiffs in error W. J. Thompson and John P. McConahey, for the recovery of a certain tract or land lying in Grady county, Okla. The cause was submitted and final judgment rendered upon an agreed statement of facts.

In so far as material to the issues presented for determination on appeal, the facts are as follows: The lands involved in this action are a part of the surplus allotment of Emma Boxler: the said Emma Boxler is a member of the Choctaw Tribe of Indians by blood: the record disclosing that she is of one-fourth Indian blood. A certificate of allotment was issued to the said Emma Boxler in the year 1903. Patent for said land was issued to her on the 30th day of July, 1908. In the month of May or June, 1906, defendant F. E. Riddle went into the possession of said lands, claiming title to the same under a deed of conveyance executed by said allottee on said date, and under and by virtue of said deed of conveyance and a written contract of sale executed by the said Emma Boxler in April, 1907. F. E. Riddle has been in the adverse, open, notorious, and actual possession of said premises ever since. On the 25th day of February, 1911, while the defendant F. E. Riddle was so in possession of said lands, the said Emma Boxler, executed and delivered to the said F. E. Riddle a warranty deed for said lands for an express consideration of $1,000. On the 19th day of December, 1907, the Secretary of the Interior made an order removing the restrictions upon alienation of said land, effective 30 days from the date thereof. On the 18th day of January, 1908, the said Emma Boxler, allottee, executed for a valuable consideration a warranty deed to the said lands to the plaintiffs W. J. Thompson and John P. McConahey. On the 13th of March, 1908, the allottee executed a warranty deed to the same grantees to the said lands.

It is agreed that whatever right or interest claimed in said lands by the other defendants is claimed through the said F. E. Riddle, and not otherwise. Upon this statement of facts there was judgment for the defendants, and plaintiffs appeal.

The first question for consideration is the motion of the defendant F. E. Riddle to dismiss this, the appeal. The ground of the motion is that the Citizens' National Bank of Chickasha is a necessary party to the appeal, and it is not made a party, either defendant or plaintiff in error. The petition of the plaintiffs states that the defendant bank claims some right, title, or interest in and to the lands adverse to plaintiffs, and asks that it be summoned in said cause to appeal and set up whatever claim it had to said land.

The defendant bank in its answer alleges that it claims an interest in said premises by virtue of a mortgage given to the bank by the defendant F. E. Riddle; that if in fact the plaintiffs are entitled to recover against the defendant F. E. Riddle and the other defendants, then defendant bank has no further defense to make to plaintiffs' suit; that it disclaims any right or interest in said premises, except such as it might hold by virtue of mortgage, which depends upon the title and right to said lands of the defendant Riddle at the time of the execution of the mortgage, and asks that this defendant be not held for any costs in the action. In effect, the answer of the bank is a disclaimer in the event the issues are determined in favor of the plaintiffs and against the defendant Riddle. The answer of the defendant bank clearly submits whatever rights it claims to abide the result of the issue between the plaintiffs and the defendant Riddle, and its claim is conditioned upon the issues being determined in favor of the defendant Riddle. The record does not disclose that the defendant bank made any active defense to said action. However, the record does disclose that A. L. Herr and Harry Hammerly accepted service of the case-made as attorneys for all of the defendants, and waived the issuance and service of summons in error in said cause, and waived appearance at the time of the settling and signing of the case-made by the trial judge. Under these circumstances, clearly the motion of the defendant F. E. Riddle to dismiss the appeal in said cause should be denied.

The only question presented for determination on appeal on the merits is whether or not the deeds made to plaintiffs are champertous and void by reason of the champerty statute. It is the contention of the defendant that as the defendant had long

been in the adverse possession of the premises and the grantor of the plaintiffs had not been in possession or received the rents and profits of said premises within a year next preceding the time of the making of the deed to the plaintiffs by the allortee, Emma Boxler, that said deed to them was champertous and void, and the only person to whom the allottee could make a valid deed was the defendant F. E. Riddle who was in possession of said premises, and that the deed of the allottee, Emma Boxler, to the defendant F. E. Riddle, made on the 25th day of February, 1911, was valid and conveyed perfect title to the defendant F. E. Riddle.

This presents the question of whether or not the champerty statute is applicable to restricted Indian lands, and whether or not this statute is in conflict with the acts of Congress governing the alienation of restricted Indian lands. This question has been passed on by this court in two recent cases, and it is held that the champerty statute has no application in cases of this character. Morrow Indian Orphans' Home v. McClendon, 64 Okla. 205, 166 Pac. 1101; Miller v. Grayson, 64 Okla. 122, 166 Pac. 1077.

The deed and contract under which the defendant Riddle entered into and held possession of the land were absolutely void, and, under the holdings in the above cases, the allottee, upon the removal of her restrictions by the Secretary of the Interior, had a right to convey to any other person, free, unincumbered, and unhampered by reason of any transactions she might have had with the defendant F. E. Riddle during the period of restrictions.

The purpose and intent of Congress is to make all conveyances and transactions in regard to these restricted lands in contravention of the acts of Congress an absolute nullity, and to protect the rights of the Indian and his lands to the end that when the disabilities of an Indian allottee and the restrictions upon alienation are removed, he might hold said lands himself or convey them to others, free, and unincumbered and in absolute disregard of any transaction he might have consummated during the period of restriction or disability. To hold that the champerty statute applied would diminish the rights of the Indian in the exercise of control and ownership over his lands after the restrictions had been removed. He would be limited to sell only to the person in adverse possession, or to go into court and by action oust the person in adverse possession before he could sell his lands to an-

other. This the court held in the case of Morrow Indian Orphans' Home v. McClendon, supra, was not incumbent upon the Indian allottee.

To hold that the champerty statute is applicable and rendered conveyance void made to others than the one in adverse possession would leave the Indian, his restrictions on alienation being removed, only the alternative of selling his lands to the person in adverse possession or bring an action to dispossess such person. This would be giving force and effect to these attempted conveyances and transactions which the law denounced as absolute nullities. The law will not permit one to gain an advantageous position over the other purchasers through a void transaction with an Indian during the existence of the restrictions on alienation. The law so safeguards the title to lands of this character that when the restrictions are removed the Indian is free to sell to the best advantage, and all purchasers are on equal footing, and any one may purchase without incurring any culpability on his part by reason of the champerty statute.

For these reasons it must be held that the court erred in holding that the deeds to the plaintiffs were champertous, void, and inoperative to convey title to the plaintiffs.

Therefore this cause should be reversed, with directions to the trial court to enter judgment for the plaintiffs.

By the Court: It is so ordered.