## UNITED STATES v. BOWLING et al.

### (Circuit Court of Appeals, Eighth Circuit. December 2, 1919.)

### No. 5288.

1. INDIANS ⬥18—DETERMINATION OF HEIRSHIP ON DEATH OF ALLOTTEE.

Act June 25, 1910, § 1 (Comp. St. § 4226), conferring authority on the Secretary of the Interior to determine the heirs of an Indian allottee, who dies during the trust period "and before the issuance of a fee-simple patent," does not apply in case of death of a member of the Confederated Tribes, who received an allotment and patent under Act March 2, 1889, since the patent conveys the fee, subject to restrictions for the term of 25 years.

2. INDIANS ⬥18—DETERMINATION OF HEIRSHIP ON DEATH OF ALLOTTEE.

While the Secretary of the Interior has power to ascertain the heirs of a deceased Indian, when such action is essential to execution of his powers, such power does not extend to the case of a member of the Confederated Tribes, who received an allotment under Act Feb. 8, 1887, and Act March 2, 1889; section 5 of the former act (Comp. St. § 4201) making the laws of descent of Kansas applicable to such allotments.

3. APPEAL AND ERROR ⬥733—ASSIGNMENTS OF ERROR TOO GENERAL.

Assignments of error, in an action tried to the court, that the judgment rendered is contrary to law, and that the court erred in rendering judgment in favor of defendants, are too general to raise any question in the appellate court.

4. APPEAL AND ERROR ⬥1008(2)—EVIDENCE NOT REVIEWABLE IN ACTION TRIED TO COURT.

In an action at law, tried to the court by stipulation, where the finding is general, the question of the sufficiency of the evidence to support such finding cannot be raised in the appellate court.

In Error to the District Court of the United States for the Eastern District of Oklahoma, Ralph E. Campbell, Judge.

Action by the United States against George E. Bowling and others. Judgment for defendants, and the United States brings error. Affirmed.

Cliff V. Peery, Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., and J. C. Wilhoit, Sp. Asst. U. S. Atty., of Okemah, Okl., on the brief), for the United States.

Halbert H. McCluer and Roland Hughes, both of Kansas City, Mo. (Vern E. Thompson, of Miami, Okl., on the brief), for defendants in error.

Before SANBORN, Circuit Judge, and MUNGER and YOUMANS, District Judges.

MUNGER, District Judge. From a judgment in favor of the defendants in a suit in ejectment the plaintiff has prosecuted this error proceeding. The parties waived a jury and tried the case to the court. There was a general finding in favor of the defendants and a judgment of dismissal. The land in controversy was patented on April 8, 1890, to Pe-te-lon-o-zah, also known as William Wea, a member of the Confederated Wea, Peoria, Kaskaskia, and Piankeshaw Tribes of Indians. The patent contained a restrictive provision that

the lands should not be alienated, nor subject to levy, sale, taxation, or forfeiture, for 25 years. The effect of this provision in restraining alienation of this tract of land was stated by the Supreme Court in Bowling v. United States, 233 U. S. 528, 34 Sup. Ct. 659, 58 L. Ed. 1080. The act of Congress of February 8, 1887 (24 Stat. 388, c. 119), provided generally for allotments of land in severalty to the Indians, but contained an express exception that it did not apply to the lands of this confederated tribe. On March 2, 1889, an act of Congress (25 Stat. 1013, c. 422) was passed extending the provisions of the act of 1887 to this tribe, but subject to some exceptions. The act of 1887 had provided for the issuance of patents to the allottees, and that the patents should be of the legal effect and should declare that the United States would hold the allotted land in trust for the allottee for 25 years, and that at the expiration of that time the United States would convey the land by patent, to the Indian or his heirs, in fee. The act of 1889 authorized allotments to members of this confederated tribe, and also provided as follows:

"The land so allotted shall not be subject to alienation for twenty-five years from the date of the issuance of patent therefor, and said lands so allotted and patented shall be exempt from levy, sale, taxation, or forfeiture for a like period of years. As soon as all the allotments or selections shall have been made as herein provided, the Secretary of the Interior shall cause a patent to issue to each and every person so entitled, for his or her allotment, and such patent shall recite in the body thereof that the land therein described and conveyed shall not be alienated for twenty-five years from the date of said patent, and shall also recite that such land so allotted and patented is not subject to levy, sale, taxation, or forfeiture for a like period of years, and that any contract or agreement to sell or convey such land or allotments so patented entered into before the expiration of said term of years shall be absolutely null and void."

The act also contained a provision that any act or part of an act of Congress theretofore passed that conflicted with the later act, either as to land or money, was thereby repealed.

William Wea, after receiving his patent under the act of 1889, died on January 23, 1894. The petition in this case alleged that the action was brought on behalf of the United States and of the heirs of William Wea, and that certain persons, named in Exhibit B attached to the petition, were duly declared to be the heirs at law of William Wea by the Secretary of the Interior on October 19, 1914, pursuant to the acts of Congress with reference thereto. This statement of the finding of heirship by the Secretary of the Interior was stricken from the petition, on defendants' objection, and an exception was saved. At the trial the plaintiff offered in evidence a copy of a departmental record in the office of the Secretary of the Interior, showing that the Secretary had found the heirs of William Wea to be the same persons as those who had been named in Exhibit B attached to plaintiff's petition. On objection, this was excluded as immaterial, and plaintiff excepted to the ruling.

[1] By assignments of error based upon these rulings the question is presented whether the Secretary of the Interior had authority to make a finding of the rightful heirs of William Wea, controlling the court in the trial of this case. The authority of the Secretary is

asserted because of the language of the act of Congress of June 25, 1910 (36 Stat. 855, c. 431 [Comp. St. § 4226]), as follows:

"When any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee simple patent, without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing, under such rules as he may prescribe, shall ascertain the legal heirs of such decedent, and his decision thereon shall be final and conclusive."

This statute did not authorize the finding of the Secretary of the Interior in this case, because, before its enactment, a fee-simple patent had been issued to William Wea (Libby v. Clark, 118 U. S. 250, 6 Sup. Ct. 1045, 30 L. Ed. 133), although it was subject to the restrictions on alienation therein contained. The statute, by its terms as quoted and as appears from its context, applied only to cases where allotments were made and the titles were withheld in trust, to be followed by the issuance of a fee-simple patent at the end of the trust period. In other clauses of the same section, the Secretary was given discretion to issue a patent in fee to the heirs of the allottee, if he decided them competent to manage their own affairs, or to issue patents in fee upon partition of the lands between the heirs, and by the language of the following section an allottee was given the right to dispose of the allotment by will, prior to the expiration of the trust period, and prior to the issue of a fee-simple patent.

[2] The claim is also made that the Secretary of the Interior had the sole authority to determine who were the heirs of William Wea, regardless of this statute, because the United States has retained the general control of controversies over the title and possession of allotments. Hy-yu-tse-mil-kin v. Smith, 194 U. S. 401, 24 Sup. Ct. 676, 48 L. Ed. 1039; McKay v. Kalyton, 204 U. S. 458, 27 Sup. Ct. 346, 51 L. Ed. 566.

It must be conceded that the Secretary has the power to ascertain the heirs of a deceased Indian, when such action is essential to an execution of his powers, such as the issuance of a final patent to the heirs, or the approval of a conveyance by the heirs, as required by statute. Egan v. McDonald, 246 U. S. 227, 38 Sup. Ct. 223, 62 L. Ed. 680; Hallowell v. Commons, 239 U. S. 506, 36 Sup. Ct. 202, 60 L. Ed. 409; Tiger v. Western Investment Co., 221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738; Oregon v. Hitchcock, 202 U. S. 60, 26 Sup. Ct. 568, 50 L. Ed. 935. But in this case the land had been patented to William Wea, and under the provisions of section 5 of the act of February 8, 1887 (Comp. St. § 4201), the laws of the state of Kansas regulating the descent and partition of land were made applicable. Wea had died in 1894, and the descent of these lands had been fixed at that time. The title of the heirs was not dependent upon any action of the Secretary of the Interior, because Congress had released its control over the descent or partition of these lands. The ordinary judicial processes of declaring the heirs or of partitioning the land amongst them thereafter applied. Beam v. United States, 162 Fed. 260, 89 C. C. A. 240; United States v. Park Land Co.

(C. C.) 188 Fed. 383. See, also, Finley v. Abner, 129 Fed. 734, 64 C. C. A. 262. There was therefore no error in striking the exhibit from the plaintiff's petition, nor in excluding it as evidence.

[3] There are two other assignments of error. One is that the judgment rendered is contrary to law, but this is too general and indefinite to be considered. Chicago, M. & St. P. Ry. Co. v. Anderson, 168 Fed. 901, 94 C. C. A. 241; Ireton v. Pennsylvania Co., 185 Fed. 84, 107 C. C. A. 304; Craig v. Dorr, 145 Fed. 307, 76 C. C. A. 559; Chicago Terminal Transfer R. Co. v. Bomberger, 130 Fed. 884, 65 C. C. A. 64; Northern Central Coal Co. v. Barrowman, 246 Fed. 906, 159 C. C. A. 178. The other assignment, that the court erred in rendering judgment in favor of the defendants, is also too general. Western Union Telegraph Co. v. Winland, 182 Fed. 493, 104 C. C. A. 439; Choctaw, O. & G. R. Co. v. Jackson, 192 Fed. 792, 114 C. C. A. 12; Felker v. First Nat. Bank, 196 Fed. 200, 116 C. C. A. 32; Philadelphia Casualty Co. v. Fechheimer, 220 Fed. 401, 136 C. C. A. 25, Ann. Cas. 1917D, 64; Fisher Mach. Works Co. v. Dougherty, 231 Fed. 910, 146 C. C. A. 106; Deering Harvester Co. v. Kelly, 103 Fed. 261, 43 C. C. A. 225; The Myrtle M. Ross, 160 Fed. 19, 87 C. C. A. 175.

[4] The basis for these contentions, as disclosed by the argument and briefs, is that the evidence does not support the general finding of the court. The record does not show that there was any request of the plaintiff for a finding of facts or for a declaration of law in its favor, and as a trial by jury was waived, the sufficiency of the evidence is a question that cannot now be raised, even if a proper assignment of error had been made to state the question. Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; Chicago, M. & St. P. Ry. Co. v. George A. Hormel & Co., 240 Fed. 381, 153 C. C. A. 307, and cases cited.

The judgment of the trial court is affirmed.