## BOWLING et al. v. BEAVER et al.

No. 14482—Opinion Filed Sept. 23, 1924.

(Syllabus.)

**1  Appeal and Error—Review—Admission of Evidence—Defective Brief.**

Where plaintiff in error fails to set forth in his assignment of error, the specification of an alleged error of the trial court in the admission of evidence and has failed to comply with rule 26 of this court (87 Okla. xxiii) in separately numbering his specifications of error and in citing his authorities in support thereof, and has failed to set out the full substance of the testimony

objected to, this court will refuse to consider such alleged error.

**2. Pleading — Judgment on Pleadings — Cross-Petition on Note and Mortgage— General Denial Unverified.**

When in the proceedings in the trial court an intervener files a cross-petition against plaintiff in error in which he sets forth a promissory note secured by mortgage upon the interest in the real estate involved claimed by plaintiff in error and seeks judgment on such note and foreclosure of such mortgage, and plaintiff in error pleads to such cross-petition by an unverified general denial only, such cross-petitioner was entitled to judgment on the pleadings.

**3. Champerty and Maintenance—Conveyance of Restricted Indian Land.**

Where plaintiff in error held possession of lands of an Indian allottee under void deed given before the expiration of the restricted period, and after the expiration of such period such allottee deeds the land to another, the last-mentioned deed is not void as violating the champerty statutes.

**4. Courts—Conflict of Jurisdiction—Federal and State Courts—Indian Land.**

When the United States has, within the restricted period, on behalf of certain heirs of an Indian allottee, begun proceedings in the courts of the United States to cancel certain deeds to their allotment given prior to the expiration of the restricted period and judgment has been rendered cancelling same, and the restricted period has expired, there is no lack of jurisdiction in the state court in a proceeding to partition such allotment among such heirs, though the cause in the federal court may still be pending.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Frank Beaver and others against George E. Bowling and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Halbert H. McCluer, Vern E. Thompson, and Roland Hughes, for plaintiffs in error.
Dick Rice, for defendants in error.

GORDON, J. This action was begun in the district court of Ottawa county, Oklahoma. It is connected with and largely predicated upon certain litigation which was begun many years ago in the federal court and has continued therein until the present time. There were numerous plaintiffs and defendants in the trial court, but only two of these defendants appear here as plaintiffs in error, and from the record and briefs it appears that one of the plaintiffs in error, to wit, Miami Investment Company, is eliminated, leaving George E. Bowling as the sole plaintiff in error.

This action was begun in the district court of Ottawa county, on September 30, 1918, the plaintiff, Frank Beaver, with numerous others, having filed on that date their petition against George E. Bowling, and numerous others, defendants. The suit is one having for its principal object the partition between the owners thereof of a certain allotment of land originally granted by the United States of America to William Wea, a member of the Confederated Wea, Peoria, Kas-kas-kia and Pian-kas-shaw Tribes of Indians. The original petition sets out in detail the issuance of the patent, the death of William Wea, the ownership by the plaintiffs of the allotment under the statute of descent and distribution, and alleges generally that the defendants claim some interest constituting a cloud on plaintiffs' title. It alleges that the defendant George E. Bowling was in unlawful possession of said land for more than fifteen years collecting the rentals thereon until May 4, 1914, on which date the Supreme Court of the United States, in a certain cause wherein George E. Bowling et al. were appellants and the United States was appellee, canceled and held void the deeds under which appellants claimed title. That after the rendition of the opinion in said cause, the defendant George E. Bowling took unlawful possession of said land and subleased part of the same, collected rents thereon and permitted the erection of permanent buildings thereon, and is threatening to place other buildings upon said land. Plaintiffs claim that judgment should be rendered in their favor for $7,500 as the rental value of the land; they pray that a receiver be appointed to collect and hold the rents, and allege, further, that, pursuant to Act of Congress of June 25, 1910, and by virtue of his inherent power, the Secretary of the Interior office of the United States determined and named the heirs of William Wea, deceased, among whom were the plaintiffs in that action. Plaintiffs pray that the findings of the Secretary of the Interior be held final and conclusive on the court, and if not binding, then that the court determine the heirs and adjudge that plaintiffs own the allotment. They pray that plaintiffs have judgment for possession; that the court make an order partitioning said real estate in kind, and if this cannot be done, that the land be sold and the proceeds divided. That a receiver be appointed and that defendants be restrained from entering upon said land or collecting the rents.

To this petition, the defendant George E. Bowling filed his answer, consisting of an unverified denial coupled with the admis-

sion that he was in possession of the land mentioned. On November 18th, the defendant Bowling filed his separate amended answer, pleading, first, a general denial; second, that on the 5th day of March, 1915, in a certain suit pending in the District Court of the United States for the Eastern District of Oklahoma, wherein the United States as the representative of the plaintiff was plaintiff, and the defendant Bowling was one of the defendants, judgment was rendered in favor of the defendant, holding that the Secretary of the Interior had no power to determine the question of heirship, and that none of the plaintiffs had title to the land involved.

On June 10, 1922, plaintiffs filed a supplemental petition showing certain changes in the situation of the plaintiffs as to their rights in the property by reason of death, assignments, etc. In this supplemental petition, it is further alleged that since the filing of the original petition, the Supreme Court of the United States, in the case of United States v. George E. Bowling et al. on June 1, 1921, held and determined that the Secretary of the Interior had power to determine the heirs of William Wea, deceased, and that pursuant to said opinion the United States District Court for the Eastern District, had rendered judgment in the cause, awarding the lands described to the heirs so determined by the Secretary of the Interior, and had rendered judgment against the said Bowling for the rental value of the said land. They renew their prayer for partition, claiming under said judgment of the District Court of the United States.

On July 15, 1922, the defendant George E. Bowling filed a third answer to the petition and supplemental petition of plaintiffs, in which he alleged: First, a general denial; second, that he is in possession and claims to be the owner in fee of the land in controversy; third, a specific denial that plaintiffs have any interest in the land and that they are the heirs of William Wea; fourth, that the transfers mentioned in the petition are void, and denies that the Secretary of the Interior at any time determined the heirship, as set out in the petition; fifth, he prays that the court determine the interest of plaintiffs and defendants respectively in and to said land, and determine the exact interest of each; that the court make an order partitioning same and setting off to each party the interest found to belong to each party, and that defendant recover his costs.

On October 14, 1922, an order appointing a receiver was made, and it appears that this order was by practical consent of all parties. In due course, the cause came on for trial, and the court rendered judgment, making its findings of law and of fact. Upon the trial, plaintiffs introduced in evidence the judgment of the District Court of the United States, finding against the defendant George E. Bowling, and introduced also the judgment of the Secretary of the Interior determining the heirs. To the introduction of the judgment of the United States Court, the defendant Bowling objected, on the ground that he was intending to appeal from the decision; that the time for appeal had not elapsed and the judgment had not become final. The judgment of the trial court and the findings of law and fact are voluminous and we deem it unnecessary to advert to all the findings, but, in substance, the court held and adjudged that the defendant Bowling was entitled to a one-third interest in the lands in controversy, but that this land and the title of the said Bowling thereto was subject to a certain mortgage to secure the payment of the sum of $5,000, together with interest and attorney's fees, which said mortgage had been given by the grantors of the defendant Bowling prior to the deed conveying to him such one-third interest. The judgment further appointed three commissioners to make partition of the land and report the same to the court. The judgment provided for an accounting as to rents and profits, and adjudged that all issues not thereby disposed of and determined be reserved for further adjudication, the settlement of same not being held necessary for the purpose of this decree and this judgment and the cause as to such undetermined and undisposed issues is continued. These undetermined issues were, of course, the partition, the report of the commissioners thereon, the accounting, and the final judgment of the court. To this judgment, the defendant Bowling excepted, filed his motion for new trial, and upon the overruling of the same brought the case here for review.

The defendants in error have filed a motion to dismiss this appeal on two grounds: First, that the order for judgment appealed from is not a final order or judgment; and, second, that plaintiff in error is not actually aggrieved by the judgment and is not here in position to complain of the judgment.

We have to consider the motion of defendants in error to dismiss the appeal on the grounds stated therein, to wit: First, that the judgment of the trial court was not a final judgment, and therefore not appealable; and, second, because the plaintiffs

in error are not injured, prejudiced, or aggrieved by the order appealed from.

An examination of the record in this case discloses that this suit in the state court grows out of and is intended to effectuate the judgments of the federal courts and of the Secretary of the Interior of the United States, in a controversy touching the allotment in question, which has extended over a period of more than 20 years. The history of this litigation is set out in the opinion rendered therein by the United States Circuit Court of Appeals for the Eighth Circuit, at the May term, 1924, in the cause of George E. Bowling et al., Plaintiffs in Error, v. United States of America, Defendant in Error, No. 6428, and the statement is as follows:

"Litigation in regard to the land involved in this suit has extended over a period of more than 20 years. The main question in dispute has been, Who were the heirs of William Wea, Peoria allottee, No. 103, who received the allotment by virtue of the Act of Congress of March 2, 1889 (25 Stat. 1013). and to whom patent was issued April 8, 1890, and who died intestate January 23, 1894? The patent contained the following:

" 'Provided that the said lands shall not be alienated nor subject to levy, sale, taxation, or forfeiture for a period of 25 years from the date hereof. and any contract or agreement to sell or convey said land before the expiration of said period shall be absolutely null and void.'

"After the death of William Wea, persons claiming to be his heirs made a contract to sell the land, and in a suit brought by them to enforce the contract in the United States Court for the Northern District of the Indian Territory, judgment was entered sustaining the validity of the contract. The land was thereupon conveyed by the alleged heirs, and by mesne conveyances passed to Bowling and the Miami Investment Company. Thereafter, the United States brought suit to cancel the conveyances and set aside the judgment on the ground, among others, that the contract, the judgment, and the conveyances were all within the 25 year period of restraint on alienation contained in the patent. The government was successful in its suit. 181 Fed. 887, 191 Fed. 19. 233 U. S. 528.

"The decision of the Supreme Court was filed May 4. 1914. Thereafter, and on October 19, 1914, the Secretary of the Interior. pursuant to the Act of June 25, 1910 (36 St. 855), made certain findings purporting to determine the heirs of William Wea. January 20. 1915, the United States, on behalf of itself. and the heirs so determined. brought an action of ejectment against Bowling and others who were in possession of the land, demanding possession and damages for detention. At the trial plaintiff offered in evidence a copy of a departmental record in the office of the Secretary of the Interior showing that the Secretary had determined the heirs of William Wea, naming them. On objection, this document was excluded by the trial court on the ground that the Secretary had no authority, under the statute, to make the findings. No further evidence was offered, and judgment went for the defendants. This ruling and judgment were affirmed by the Circuit Court of Appeals, but were reversed by the Supreme Court. and the case was sent back for a new trial, 261 Fed. 657, 256 U. S. 484.

"This last decision of the Supreme Court was filed June 1, 1921.

"On the retrial in 1922, the defendants admitted possession, denied the allegations of heirship, set up in the complaint and claimed ownership of the land by virtue of deeds from alleged heirs of William Wea, dated and delivered after the date of expiration of the period of restrictions on alienation contained in the patent.

"A certified copy of the findings of the Secretary of the Interior as to the heirs of William Wea was admitted in evidence over the objection of defendants, and. as above stated, judgment went for plaintiffs."

It will be seen. from an examination of that opinion that the only thing left for the plaintiff in error, George E. Bowling, was the question whether the signature of the Assistant Secretary to the findings was sufficient and whether the findings. were made after notice and hearing, and the court in its opinion held that these questions had been raised upon the former trial and could not properly be passed upon on retrial. But assuming that they were still open to retrial, the court held against the plaintiff in error, and affirmed the judgment of the lower court.

From the conclusion we have reached in this case, after an examination of the entire record and a consideration of the briefs on the merits. we deem it unnecessary to pass upon the first question raised in the motion of defendants in error, and we hesitate to dismiss an appeal as frivolous where, under any view of the case. it appears that there is a substantial question raised which ought to be considered. The motion to dismiss will therefore be overruled and we will pass upon the questions raised here upon the merits.

The first assignment of error, according to the argument adopted by plaintiff in error in his brief, is that the state court had no jurisdiction to try this cause, for the reason that the question of heirship was pending in the federal court. U. S. v. Bowling et al., 61 Fed. 657; U. S. v. Bowling et al.,

256 U. S. 484, 85 L. Ed. 1054; Heckman v. U. S., 24 U. S. 413, 56 L. Ed. 820. It is not disputed here that the United States had the power and authority to bring this suit on behalf of the Indian heirs during the existence of the restrictions upon their lands, nor that the judgment in such case will be binding.

Prior to the admission of the state of Oklahoma into the Union, some of the heirs here had, in violation of imposed restrictions, conveyed their interest in this allotment. Plaintiff in error here was one of the grantees in these deeds. Suit was begun by the United States to cancel these conveyances, and on September 12, 1910, the cause came on to be heard before the United States Court for the Eastern District of Oklahoma. In that suit judgment was rendered canceling these deeds. (181 Fed. 887.) That judgment was affirmed by the United States Circuit Court for the Eighth Circuit, on October 13, 1911. (191 Fed. 19.) The judgment of the United States Circuit Court of Appeals in that cause was affirmed by the Supreme Court of the United States on May 4, 1914. (223 U. S. 528, 58 L. Ed. 1008.) Later, in an ejectment suit, begun in the United States District Court for the Eastern District of Oklahoma by the United States, it was held that the Secretary of the Interior had no power to determine the heirship, and though the deeds conveying to Bowling and others had been canceled, he, with his associates, retained possession by reason of such judgment of the district court. On December 2, 1919, this judgment of the district court was affirmed by the United States Circuit Court of Appeals for the Eighth Circuit. (261 Fed. 657.) But the judgment of the district court and of the Circuit Court of Appeals, denying to the Secretary of the Interior the power to determine the heirship of such case, was reversed by the Supreme Court of the United States on June 1, 1921. (256 U. S. 483, 65 L. Ed. 1054.) The cause then came back to the District Court of the United States for the Eastern District of Oklahoma, and on March 20, 1922, judgment was rendered in that court in favor of the plaintiff, United States of America, and against the defendants. George E. Bowling et al. In that judgment the heirship is determined in accordance with the claim of the plaintiff in the suit before us here. Possession of the land was adjudged and damages against the defendant as rents rendered is the sum of $2.875. This judgment has now been affirmed by the United States Circuit Court of Appeals for the Eighth Circuit, at the May term, 1924.

Counsel for plaintiff in error have not seen fit to follow rule 26 of this court touching the argument of the assignments of error and authorities in support thereof, and this court might well be justified in affirming the judgment herein upon this ground. Plaintiff in error groups his argument under four propositions.

1. That the state court had no jurisdiction in this cause, for the reason that there was and is still pending in the courts of the United States an action to determine the question of heirship and the amount of damages due from this plaintiff in error by reason of his unlawful detention of the land . This contention is completely answered by the judgment rendered in the District Court of the United States for the Eastern District of Oklahoma, on March 20, 1922. By the terms of that judgment the court found the interest of George E. Bowling to be a one-third portion of the land involved, and that this interest was obtained by transfer from three of those found by that judgment to be heirs, and that such transfer was made subsequent to the expiration of the period of restrictions. The court further found that "no final judgment or adjudication respecting any question of rights obtained by said Bowling by reason of the aforesaid deed are covered by or included in this judgment, but it is intended by this judgment only to settle all the rights and questions of all parties heretofore as they existed on and prior to April 5, 1915, the date of the expiration of the period of lawful supervision over said lands of said deceased allottee by plaintiff, and to leave open all matters arising after April 5, 1915."

This judgment was appealed by George E. Bowling, but only on the ground of the admission of the finding of the Secretary of the Interior as to the heirship. It is clear that the federal court remitted to the state court all matters arising after the expiration of the period of restriction. The pendency of a suit in one jurisdiction cannot be pleaded by way of abatement to an action in another jurisdiction. I. C. J. p. 87, section 122; McClellan v. Carland, 217 U. S. 268, 54 L. Ed. 762; International Railway Co. v. Burton (Tex.) 57 S. W. 292.

It is true that the subject-matter involved here was, during the period of restriction, peculiarly within the jurisdiction of the courts of the United States, but there is no conflict of jurisdiction here. The courts of the United States have acted, and left to the state courts matters properly within the jurisdiction of such court. The action here is merely in furtherance of the judgment of the federal court.

2. The second contention made by plaintiff in error is that the mortgage and note to A. Scott Thompson and H. B. Durant, afterwards assigned to Dick Rice, trustee, was not a valid incumbrance and this by reason of the champerty and maintenance statutes. If plaintiff in error had desired to present this question, he should have pleaded it and litigated it in the trial court. The note and mortgage were properly pleaded in the cross-petition of Thompson and Durant; the answer to this cross-petition was an unverified general denial. Cross-petitioners were entitled to judgment on the pleadings, and plaintiff in error is in no position to complain here. De Watteville v. Sims, 44 Okla. 708, 146 Pac. 224; Jackson v. Levy, 75 Okla. 256, 183 Pac. 505; Kerr v. McKinney, 69 Okla. 88, 170 Pac. 685. The statute does not apply to such a case. Thompson v. Riddle, 69 Okla. 115, 171 Pac. 331; Murrow Indian Orphans' Home v. McClendon, 64 Okla. 205, 166 Pac. 1101.

3. Plaintiff in error contends that the deeds to Charles H. Meshew were void on account of the champerty statute. It appears that during the course of this litigation certain of the Indian heirs had quitclaimed their interest to Meshew. The champerty statute does not apply here. Thompson v. Riddle, supra. But if such statutes did apply, the grantors are parties to this action and they could litigate for the benefit of their grantees, so the plaintiff in error is not in position to complain.

4. Plaintiff in error claims that it was error to admit in evidence the determination of heirship made by the Secretary of the Interior.

Neither these findings of the Secretary nor the evidence in connection therewith are set out in the abstract in plaintiff in error's brief, nor in the assignments of error, and therefore this assignment should not properly be considered by this court. (Rule 26.) This question was not raised originally in the federal court by plaintiff in error and he is bound by the judgment in that court. The Circuit Court of Appeals so held in its opinion at the May term, 1914, and further held the findings admissible.

On the trial of this cause in the court below, plaintiff in error introduced his quitclaim deeds showing him entitled to a one-third interest in this land. This was all his testimony. This interest was awarded to him by the trial court, subject to the mortgage given by his grantors, which mortgage was on record at the time he took his deed. At the trial of this cause in the court below, plaintiff in error was claiming

his one-third interest under the same set of heirs found to be such by the Secretary of the Interior. He was making no other claim to an interest in the land. In his answer, he joined with defendant in error in a prayer for the partition of the land. The record shows that he consented to the appointment of a receiver. It appears from the record that plaintiff in error, up to the time of the appointment of a receiver, had been in possession of these lands, enjoying the rents and profits therefrom for many, many years.

We conclude that there is no error in the judgment of the trial court, and the judgment is affirmed.

McNEILL, C. J., and NICHOLSON, BRANSON, HARRISON, and JOHNSON, JJ., concur.